IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>    1333 North Oracle Road<br>    Tucson, AZ 85705<br><br>            Plaintiff,<br><br>    v.<br><br>CARLOS GUTIERREZ, Secretary of Commerce,<br>U.S. Department of Commerce,<br>    1401 Constitution Way, NW<br>    Washington, D.C.  20230<br><br>WILLIAM T. HOGARTH, Assistant Administrator<br>for Fisheries, National Marine Fisheries Service,<br>    1315 East West Highway<br>    Silver Spring, MD  20910<br><br>and the NATIONAL MARINE FISHERIES<br>SERVICE,<br>    1315 East-West Highway,<br>    Silver Spring, MD  20910<br><br>            Defendants. | Civil Action No.: |

# COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

## INTRODUCTION

1.     The Freedom of Information Act ("FOIA") is fundamental to our democratic society. It is the means by which all U.S. citizens can access the inner workings of the federal government so as to hold government officials accountable for their actions.  Thus, while FOIA requests may at times require greater effort and diligence from government workers and agencies, this is a small price to pay to ensure that the government adheres to its own laws and standards.

2.     The Center for Biological Diversity ("the Center") submitted several FOIA requests to the National Marine Fisheries Service ("NMFS") in order to obtain information regarding coral species the Center had petitioned for protection under the Endangered Species Act. Three of those requests are still incomplete due to NMFS' pattern and practice of failing to

respond to requests and/or appeals within twenty working days and promptly disclosing the necessary documents.

3. On August 27, 2004, the Center submitted a FOIA request to the National Marine Fisheries Service ("NMFS"), for the following information:

> A copy of all documents, inter- and intra-agency communications, and all other information received by the National Marine Fisheries Service in response to the public comment period/request for information on the Center's petition to list *Acropora palmata* (Elkhorn Coral), *A. cervicornis* (Staghorn Coral), and *A. prolifera* (Fused-Staghorn Coral) as endangered species under the Endangered Species Act. The public comment period was announced at 69 Fed. Reg. 34,995 (June 23, 2004) and ended on August 23, 2004.

4. Although FOIA mandates a twenty working-day response period, NMFS did not respond to the Center's request until October 15, 2004—an unlawful delay of almost two weeks. Moreover, not only was the response late, NMFS chose to redact the contact information of several individuals who submitted comments into the public record during the public comment period. The redaction was unlawful and rendered the released documents less useful.

5. The arbitrary nature of NMFS' action is highlighted by one redaction in particular. On August 24, 2004, the Center forwarded to NMFS via e-mail comments written by Mr. Phillipe Mayor. Thus, NMFS was well aware that Mr. Mayor had disclosed his contact information not only to the public record for public scrutiny, but also directly to the Center.

6. Yet, in response to the Center's FOIA request, NMFS redacted Mr Mayor's contact information, claiming that it was required to do so in order to preserve Mr. Mayor's personal privacy interest in his public comments.

7. The Center administratively appealed the redaction, and explained to NMFS the absurdity of redacting the contact information for individuals who submitted their contact information purposefully into the public record, particularly when some of those comments were forwarded by the Center and therefore were already known by the Center.

Complaint for Declaratory Judgment
and Injunctive Relief

8. Instead of responding to the merits of the appeal, however, NMFS replied to the Center with a brief letter stating that the Center's appeal arrived too late[1] to be considered. Thus, the Center exhausted its administrative remedies—or at least NMFS arbitrarily and capriciously cut-off the administrative remedy procedures—leaving the Center no other recourse than federal court.

9. On September 30, 2004, the Center submitted another coral FOIA request to NMFS for the following information:

> A copy of all documents, inter- and intra-agency communications, notes, electronic mail, and/or any other document pertaining to Caribbean Acroporids written by, received by, or within the files of Jennifer Ann Moore, Natural Resource Specialist, NOAA Fisheries Protected Resources Division, Southeast Regional Office. Responsive information that post-dates March 1, 2004 are not included in this request.

10. NMFS again failed to respond to the Center's FOIA request within the timeframe mandated by FOIA, and did not respond until January 20, 2005, exceeding FOIA's response period by fifty days. Moreover, because many documents were either redacted or withheld, the Center was forced to appeal NMFS' response. It is now May 23, 2005, and NMFS has yet to make a determination in regards to the Center's appeal. Such delay (61 working days) is unlawful under FOIA, which requires agencies to address appeals within twenty working days.

11. Finally, on September 30, 2004, the Center requested the following information pursuant to FOIA:

---

[1] As described below, NMFS' conclusion that the Center's appeal was late is factually in error. Calculating the deadline pursuant to rules established by the Federal Rules of Civil Procedure, the Center's appeal was precisely on time—despite the fact that the Center was prejudiced in responding to the appeal due to an unexplained difference of 5 business days between the date stamped on NMFS' response to the Center's FOIA request, and the date that the letter was actually received by the Center.

Complaint for Declaratory Judgment
and Injunctive Relief

> A copy of all documents, inter- and intra-agency communications, and all other information received by the National Marine Fisheries Service in selecting members for a Biological Review Team for the Center's petition to list *Acropora palmata* (Elkhorn Coral), *A. cervicornis* (Staghorn Coral), and *A. prolifera* (Fused-Staghorn Coral) as endangered species under the Endangered Species Act.

12. NMFS responded quickly to this request on October 19, 2004. However, the reply contained very little information and failed to adequately address the request. Consequently, the Center appealed the response as unresponsive and inadequate. NMFS received that appeal on November 18, 2004, but instead of issuing a response within twenty working days, NMFS has failed to respond entirely. As of May 23, 2005, a total of 127 working days has passed since the appeal was received.

13. NMFS' actions are undermining FOIA's purpose: open government. By withholding and/or delaying the disclosure of requested documents, NMFS prevents the Center from fully understanding the reasoning and motives behind NMFS' decisions in regards to the listing of the coral species at issue. The documents the Center has requested are necessary to adequately comment on and respond to future NMFS actions. For instance, the Center plans to submit its own comments regarding the listing of the corals in response to the proposed rule to list the species. In order to effectively do that, however, the Center must know what information NMFS relied on when it created the proposed rule, before the public comment period closes. Thus, it is imperative that NMFS be compelled to release all requested documents in a timely manner as mandated by FOIA.

14. This action seeks declaratory and injunctive relief under FOIA, 5 U.S.C. § 552 (2005), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706 (2005), challenging NMFS' partial denial of the Center's August 27, 2004 FOIA request and NMFS' failure to adequately respond to both October 1, 2004 FOIA requests. Specifically, the Center requests that this Court order NMFS to disclose all responsive documents to the Center as soon as possible, and order NMFS to fully disclose all documents improperly withheld or

redacted—including the contact information for individuals who voluntarily submitted information into the public record during the public comment period.

## JURISDICTION

15. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552 (a)(4)(B) (2005) (FOIA) and 28 U.S.C. § 1331 (2005) (federal question jurisdiction).

16. Venue is proper before this District Court pursuant to 5 U.S.C. § 552 (a)(4)(B) and 28 U.S.C. § 1391(e) (2005).

## PARTIES

17. Plaintiff Center for Biological Diversity is a non-profit corporation. The Center combines conservation biology with litigation and public advocacy in order to protect imperiled species and their habitats. The Center also educates its members and the general public regarding the numerous threats facing endangered species and their habitats.

18. Defendant Carlos M. Gutierrez is sued in his official capacity as the Secretary of Commerce. Mr. Gutierrez is the federal official ultimately responsible for ensuring that NMFS complies with its FOIA obligations.

19. Defendant William Hogarth is sued in his capacity as the Director of NMFS. Hogarth is the federal official responsible for NMFS' compliance with federal laws, including FOIA.

20. Defendant National Marine Fisheries Service is an agency of the United States within the Department of Commerce.

## STATUTORY BACKGROUND

A.   **The Freedom of Information Act.**

21. The Freedom of Information Act allows any person to obtain access to the records of federal agencies provided the statute's disclosure exemptions do not apply to the requested documents. 5 U.S.C. § 552.

22. After receiving a FOIA request, an agency has twenty working days to "determine whether to comply with such request and shall immediately notify the person making such

Complaint for Declaratory Judgment
and Injunctive Relief

request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A)(i).

23. "Upon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request." U.S.C. § 552(a)(6)(C)(i).

24. In "unusual circumstances," an agency may take ten additional days to respond to a request. However, FOIA does not permit an agency to delay a response indefinitely. 5 U.S.C. § 552(a)(6)(B).

25. When a FOIA requester appeals an agency's FOIA response, after receiving the appeal the agency "shall make a determination within twenty working days after the receipt of such appeal." 5 U.S.C. § 552(a)(6)(A)(ii).

26. FOIA provides for fee waivers or reductions in fees if disclosure of the requested information is in the public interest and if disclosure is not primarily in the commercial interest of the requester. 5 U.S.C. § 552(a)(4)(A)(iii).

27. FOIA states that a requester "shall be deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i).

28. FOIA provides this Court with "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

29. FOIA permits the Court to "assess reasonable attorney fees and other litigation costs reasonably incurred in any case in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E).

30. Pursuant to Exemption Five of FOIA, agencies have limited discretion to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." U.S.C. § 552(b)(5).

31. Exemption Six of FOIA gives an agency limited discretion to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

**B.    The Administrative Procedure Act.**

32. The APA states that a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1); and shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

33. Under the APA, judicial review of agency action is proper, "except to the extent that statutes preclude judicial review; or agency action is committed to agency discretion by law." 5 U.S.C. § 701(a).

**C.    The Endangered Species Act.**

34. The purpose of the Endangered Species Act ("ESA") is "to provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved" and "to provide a program for the conservation of such endangered species and threatened species." 16 U.S.C. § 1531(b) (2005).

35. The ESA divides responsibility for protection of endangered and threatened species between the Department of Interior and Department of Commerce. The Department of Commerce is responsible for most marine species including the corals at issue in this litigation. Within the Department of Commerce, the National Marine Fisheries Service is responsible for handling endangered and threatened species issues. 50 C.F.R. § 402.01 (2005).

36. The ESA mandates that "to the maximum extent practicable, within 90 days after receiving the petition of an interested person . . . to add a species or to remove a species . . . the Secretary shall make a finding as to whether the petition presents substantial scientific or

Complaint for Declaratory Judgment
and Injunctive Relief

commercial information indicating that the petitioned action may be warranted." 16 U.S.C. § 1533(b)(3)(A).

37. "Within 12 months after receiving a petition . . . the Secretary shall make one of the following findings: 1.) the petitioned action is not warranted . . . 2.) the petition action is warranted . . . or 3.) the petitioned action is warranted but precluded by other pending proposals." 16 U.S.C. § 1533(b)(3)(B).

## FACTUAL BACKGROUND

### A.     The Center's Endangered Species Act Petition

38. *Acropora palmata* (Elkhorn Coral), *A. cervicornis* (Staghorn Coral), and *A. prolifera* (Fused-Staghorn Coral) are coral species that currently face a high risk of extinction. Over the past 30 years, these corals have suffered a severe decline due to disease, thermally induced bleaching, physical destruction from storms, predation, competition, and human activities that degrade habitat and water quality.

39. On March 3, 2004, the Center submitted a formal administrative petition to NMFS in order to initiate the ESA process for listing the corals as endangered or threatened. The petition provided detailed information regarding the numerous threats currently facing the corals and explained why it is imperative that the corals receive ESA protection.

40. On June 23, 2004, NMFS announced its 90-day finding in response to the Center's petition and concluded that due to the scientific information presented by the Center, listing "may be warranted." As a result, NMFS commenced a status review in order to determine whether the corals should be formally listed. As part of the review, NMFS requested any comments from the public that might help in determining the corals' status. That comment period ended on August 23, 2004.

41. On March 18, 2005, NMFS published its 12-month finding in response to the Center's petition. 70 Fed. Reg. 13151. The finding concluded that two of the species for whom the Center petitioned, *A. palmata* (Elkhorn Coral) and *A. cervicornis* (Staghorn Coral), warranted listing as threatened. The finding further explained that NMFS would promptly publish a proposed rule regarding the listing.

42. The proposed rule to list the species was published in the Federal Register on May 9, 2005. 70 Fed. Reg. 24359. The proposed rule announced that public comments would be solicited on the proposed rule through August 8, 2005.

**B.     The Center's August 27, 2004, Request and NMFS' Failure to Adequately Respond.**

43. Because the Center works to protect endangered species and to educate the public about such species, on August 27, 2004, the Center sent a FOIA request to NMFS for the comments submitted during the public comment period in regards to the imperiled coral species. By obtaining such documents, the Center can ascertain what information NMFS had before it when making its ESA listing decision in regards to the corals. The Center also uses the contact information of persons submitting public comments in order to determine what type of persons agencies give weight to when making these type of decisions.

44. The FOIA request described why the Center is entitled to a fee waiver: the disclosure of the information requested would be in the public interest since it would contribute significantly to the public's understanding of how public comments are used by NMFS, and the materials are of no commercial interest to the Center.

45. From October 1 until October 15, the Center contacted NMFS on several occasions to determine where the documents were and to point out that they were overdue.

46. On October 22, 2004—long after the 20 working day response period had expired—the Center finally received a response from NMFS. Inexplicably, the response was dated October 15, 2004, meaning that it took six days to arrive in the U.S. mail. Pursuant to

Complaint for Declaratory Judgment
and Injunctive Relief

Department of Commerce regulations, the appeal period for the Center thus began on October 15, 2004—the date stamped on the response letter—rather than the date the letter was received by the Center. Thus, although the Center was supposed to have 30 days to appeal, this unexplained discrepancy reduced that period to 23 days.

47. In its October 15, 2004, letter, NMFS explained that, pursuant to Exemption Six of FOIA, the contact information for individuals who had submitted comments to NMFS during the public comment period had been redacted.

48. On November 15, 2004, the Center appealed NMFS' decision to redact contact information and pointed out why NMFS' reliance on Exemption Six is erroneous.

49. On November 26, 2004, the Center received a response from NMFS claiming that the Center's appeal was late and therefore was not being considered. Such a determination exhausted the Center's use of administrative remedies.

50. The Center's "late" appeal was received on November 15, 2004, at 2:12 PM Pacific Standard Time. According to NMFS, the appeal was two days late. However, using Federal Rules of Civil Procedure timelines, the appeal arrived on time. Fed. R. Civ. P. 6(a) (2005). The 30 day time period began on October 16, 2004. ("In computing any period of time . . . the day of the act, event, or default from which the designated period of time begins to run shall not be included." Id.) November 14, 2004, day 30 of the time period within which to file the appeal, fell on a Sunday. Federal Rule of Civil Procedure 6(a) states that when "the last day of the period . . . is a Saturday, Sunday, or legal holiday . . . the period runs until the end of the next day which is not one of the aforementioned days." Id. Therefore, when the Center's email appeal arrived on November 15, 2004, at 2:12 PM Pacific Standard Time, it fell within the 30 day period and was not late.

51. On August 12, 2004, NMFS published in the Federal Register, without notice and comment, a new appeal deadline of 5:00 PM Eastern Standard Time. Before this Federal Register announcement was published, no such 5:00 PM deadline existed. This was just 15

Complaint for Declaratory Judgment
and Injunctive Relief

days before the Center submitted its FOIA request. NMFS' appeal deadline, found at 15 C.F.R. § 4.10, states that

> If a request for records is initially denied in whole or in part, or has not been timely determined, or if a requester receives an adverse initial determination regarding any other matter under this subpart (as described in § 4.7(b)), the requester may file a written appeal or an electronic appeal, which must be received by the Office of General Counsel during normal business hours (8:30 a.m. to 5 p.m., Eastern Time, Monday through Friday) within thirty calendar days of the date of the written denial or, if there has been no determination, may be submitted anytime after the due date, including the last extension under § 4.6(c), of the determination. Written or electronic appeals arriving after normal business hours will be deemed received on the next normal business day.

52. NMFS' October 15, 2004, letter to the Center only makes reference to the 30 day deadline for an appeal. It does not explicitly refer to the 5:00 PM Eastern Standard Time deadline, despite this recent change in NMFS regulations.

C. **The Center's First September 30, 2004, Request and NMFS' Failure to Adequately Respond.**

53. In order to obtain more specific information regarding NMFS' understanding of the corals, the Center asked for "all documents . . . written by, received by, or within the files of Jennifer Ann Moore." Only documents that pre-dated March 1, 2004—the date that the Center submitted its listing petition for the three corals—were included in the request. Ms. Moore is a Natural Resource Specialist in NMFS' Southeast Regional Office.

54. Between October 14, 2004, and January 19, 2005, the Center telephoned NMFS on several occasions to check the status of this request. NMFS, however, was unable to provide a timetable as to when it would likely disclose relevant documents.

55. Finally, on January 20, 2005, NMFS provided a response. However, many documents were useless due to the fact that NMFS had redacted or outright withheld entire documents pursuant to Exemption Five of FOIA.

56. The Center appealed the response on February 16, 2005, and demanded that all withheld documents be released because Exemption Five did not apply to the documents. On

March 30, 2005, the Center telephoned NMFS to check the status of the appeal and was informed that a response would likely be mailed within two weeks. Eight weeks later, however, no response has arrived.

**D.   The Center's Second September 30, 2004, Request and NMFS' Failure to Adequately Respond.**

57.   As part of the process for making an Endangered Species Act listing, NMFS convened a Biological Review Team ("BRT") to assess the biological status of the coral species at issue.

58.   In order to understand the role of the BRT and how its members were chosen, the Center sent NMFS a FOIA request asking for "all documents . . . received by the NMFS in selecting member for a BRT."

59.   On October 20, 2004, the Center received a response. Unfortunately, the response only contained a few documents and clearly did not adequately address the Center's request.

60.   Consequently, on November 16, 2004, the Center appealed the inadequate response.

61.   Between December 21, 2004, and April 26, 2005, the Center contacted NMFS on many occasions to discuss what was happening with the appeal. NMFS repeatedly assured the Center that a response would soon be forthcoming. As of May 22, 2005, however, the Center has yet to receive a response, a delay of more than 100 working days.

**First Claim**
**(Violation of the Freedom of Information Act)**

62.   The allegations contained in paragraphs 1-61 are incorporated herein by reference.

63.   Exemption Six of FOIA gives an agency limited discretion to an agency to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

64.   Defendants have not adequately responded to Plaintiff's August 27, 2004, request for records. NMFS improperly applied Exemption Six to the materials requested by the Center. The contact information (names, addresses, phone numbers, email addresses) of persons who

Complaint for Declaratory Judgment
and Injunctive Relief

submit comments during an agency public comment period is not the type of information to which Exemption Six applies.

65. NMFS' improper use of Exemption Six violates 5 U.S.C. § 552(a).

## Second Claim
### (Violation of the Freedom of Information Act)

66. The allegations contained in paragraphs 1-65 are incorporated herein by reference.

67. Exemption Five of FOIA permits agencies to disclose "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." U.S.C. § 552(b)(5).

68. Defendants have not adequately responded to Plaintiff's first September 30, 2004, FOIA request. NMFS has not demonstrated that the withheld documents must be withheld under Exception Five. Moreover, NMFS has far exceeded FOIA's twenty working day appeal response period.

69. NMFS' improper use of Exemption Five violates 5 U.S.C. § 552(a).

70. NMFS' failure to respond to the Center's appeal within twenty working days violates 5 U.S.C. § 552(a)(6)(A)(ii).

## Third Claim
### (Violation of the Freedom of Information Act)

71. The allegations contained in paragraphs 1-70 are incorporated herein by reference.

72. Defendants have not adequately responded to Plaintiff's second September 30, 2004, FOIA request and its subsequent November 18, 2004, appeal.

73. NMFS' failure to provide all requested documents violates 5 U.S.C. § 552(a).

74. NMFS' failure to respond to the Center's appeal within twenty working days violates 5 U.S.C. § 552(a)(6)(A)(ii).

Complaint for Declaratory Judgment
and Injunctive Relief

## Fourth Claim
### (Violation of the Administrative Procedure Act)

75. The allegations contained in paragraphs 1-74 are incorporated herein by reference.

76. Defendants' failure to provide Plaintiff with the documents requested constitutes agency action unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1); and is arbitrary, capricious, an abuse of discretion, and/or is otherwise not in accordance with law. 5 U.S.C. § 706(2)(A).

## Fifth Claim
### (Violation of the Administrative Procedure Act)

77. The allegations contained in paragraphs 1-76 are incorporated herein by reference

78. Defendant has a pattern and practice of not responding to the Center's FOIA requests and appeals within the statutory limits.

79. Defendant's pattern and practice is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.  5 U.S.C. § 706(2)(A).

## PRAYER FOR RELIEF

The Center for Biological Diversity respectfully requests that this Court:

(1) Declare that Defendants' failure to adequately respond to the Center's August 27, 2004, FOIA request letter, and September 30, 2004, request letters is a violation of FOIA and APA as set forth above;

(2) Declare that Defendants' pattern and practice of failing to adequately respond to the Center's coral FOIA letters is a violation of the APA as set forth above;

(2) Order Defendants to immediately provide to the Center copies of all improperly withheld documents;

(3) Enjoin Defendants from violating FOIA procedures in the future when Plaintiff files FOIA requests;

Complaint for Declaratory Judgment and Injunctive Relief

(4) Grant the Center such other injunctive and declaratory relief as this Court deems just and proper;

(4) Retain jurisdiction over this case to ensure compliance with this Court's decree; and,

(5) Award the Center its reasonable attorney fees, costs and expenses incurred in pursuing this action.

Respectfully submitted this 23rd day of May, 2005,

*[signature: Brent Plater]*

Brent Plater (DC Bar No. 486505)
CENTER FOR BIOLOGICAL DIVERSITY
SAN FRANCISCO BAY AREA OFFICE
1095 Market Street, Suite 511
San Francisco, CA 94103
Telephone: (415) 436-9682
Facsimile: (415) 436-9683
bplater@biologicaldiversity.org

Justin Augustine (CA Bar No. 235561)
*Pro hac vice* pending
CENTER FOR BIOLOGICAL DIVERSITY
SAN FRANCISCO BAY AREA OFFICE
1095 Market Street, Suite 511
San Francisco, CA 94103
Telephone: (415) 436-9682
Facsimile: (415) 436-9683
jaugustine@biologicaldiversity.org

Attorneys for Plaintiff