UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CARLOS GUTIERREZ, )<br>Secretary, Department of Commerce, et al., )<br>)<br>Defendants. )<br>_____ ) | Case No: 05-cv-1045 (RMC)<br><br>ECF |

DECLARATION OF BEVERLY J. SMITH

I, Beverly J. Smith, do hereby declare, subject to the penalties for perjury, that the following statements are true and correct, to the best of my knowledge and belief:

1. I have been employed by the Department of Commerce (Department) since January 22, 2002. I am a Management and Program Analyst with the National Marine Fisheries Service (NMFS), a component of the Department's National Oceanic and Atmospheric Administration (NOAA), Department of Commerce. I am also part of the Office of Management and Information Services, Constituent Services. I am currently assigned as the Freedom of Information Act (FOIA) Coordinator to the Freedom of Information and Privacy Act Section, Constituent Services, of the Southeast Region (Region) of NMFS. Due to the nature of my official duties, I am familiar with the procedures followed by NMFS in responding to requests for information from its files received pursuant to the provisions of 5 U.S.C. § 552, commonly known as the FOIA.

2. This declaration is provided in response to the above-referenced law suit brought by plaintiff, Center for Biological Diversity (CBD), as a result of three requests, one dated August 27, 2004, and two dated October 1, 2004, submitted by CBD under the Freedom of Information Act (FOIA) (5 U.S.C. § 552). Concerning the plaintiff's August 27, 2004, request, the plaintiff failed to file a timely appeal to NOAA's October 15, 2004 response; therefore, the Department rejected the plaintiff's appeal because it was untimely. I make the statements herein on the basis of personal knowledge, as well as information acquired by me in the course of performing my official duties.



2

3. Plaintiff filed timely appeals from responses to the two requests filed on October 1, 2004. In response to those two appeals, twenty-two documents were withheld, five in their entirety and seventeen in part.

NOAA FOIA REQUEST # 2004-00593

4. The first request (designated by NOAA as NOAA FOIA REQUEST # 2004-00593) was filed by Brent Plater of CBD, and dated October 1, 2004, but was received by the Region on September 30, 2004.

5. In response to the first request, a thorough search was conducted for responsive documents. Since the request was for records pertaining to Caribbean *Acroporids* written by, received by, or within the files of NMFS Natural Resource Specialist Jennifer Ann Moore (Herein referred to as Jennifer Jacukiewicz, Ms. Moore's maiden name), the search was conducted by Ms. Jacukiewicz. (Under the Endangered Species Act (ESA), NMFS is one agency responsible for determining whether marine species, subspecies, or distinct population segments should be designated as endangered. NMFS was actively engaged in predecisional deliberations pertaining to Caribbean *Acroporids* at the time of CBD's petition dated March 3, 2004, to designate them as endangered under the ESA). Ms. Jacukiewicz searched electronic files, hard copy files, and everywhere reasonably calculated to uncover all relevant documents that she wrote, received or possessed at any time prior to and including October 7, 2004, which was the search commencement date, which pertained to Caribbean *Acroporids*. Ms. Jacukiewicz began her employment with the Department and NMFS on July 28, 2003, and began working on the project on August 6, 2003.

6. By letter dated January 19, 2005, NOAA issued a response to the FOIA request, informing Mr. Plater that sixteen documents were being withheld in full or in part pursuant to 5 U.S.C. § 552(b)(5). By letter dated February 16, 2005, plaintiff appealed the partial denial of his FOIA request. By letter dated July 8, 2005, the Department issued a response to the appeal, releasing one document and portions of two additional documents. Of the fifteen documents being withheld in full or in part pursuant to FOIA Request # 2004-0593, one is exempt from disclosure in its entirety pursuant to the attorney-client privilege incorporated into FOIA exemption (b)(5), and fourteen are exempt from disclosure in full or in part pursuant to the deliberative process privilege incorporated into FOIA exemption (b)(5).

7. One document, number one on the Vaughn Index (attached to this declaration as Exhibit A) is withheld pursuant to the attorney-client privilege incorporated into FOIA exemption(b)(5). It is a request for legal counsel and is a confidential communication between a Commerce attorney and clients, and has not been disclosed outside the attorney-client relationship.

8. Four documents are withheld in full (documents numbered two through five on the Vaughn Index) and ten documents are withheld in part (documents numbered six through fifteen on the Vaughn Index) pursuant to the deliberative process privilege incorporated into FOIA exemption (b)(5). The withheld information consists of internal, NOAA predecisional deliberative opinions and recommendations concerning whether, *inter alia*, Staghorn coral, Elkhorn coral, and other

coral species should be designated as threatened or endangered species for placement on the Endangered Species list, how to structure the deliberations, what to take into account, and what should go into a final decision. Documents number 5, 6, 12, 13, and 14 on the Vaughn Index include NOAA consultants who were part of NOAA's deliberations and had no personal stake in the outcome of the decisionmaking process or final decision. Disclosure would be harmful to the give-and-take of deliberations crucial to the formulation of scientific reports, as well as confusing to the public, since the recommendations were not incorporated into a final agency decision. The deliberative process privilege protects against public confusion that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action. The withheld information consists of opinions and recommendations used by decisionmakers in their predecisional deliberations. Disclosure would interfere with the candor necessary to the decisionmaking process.

NOAA FOIA Request #2004-00594

9. The second request (designated by NOAA as NOAA FOIA REQUEST # 2004-00594) was filed by Mr. Plater of CBD, and dated October 1, 2004, but was received by NMFS Headquarters on September 30, 2004. The request was for records received by NMFS pertaining to selecting members for a Biological Review Team (BRT) for the Center's (CBD) petition to list Elkhorn, Staghorn, and Fused-Staghorn coral as endangered species. CBD submitted a petition to NMFS dated March 3, 2004, to designate these coral species as endangered under the ESA. Based on the contents of the petition, NMFS decided to restructure and expand the scope of the BRT.

10. In response to the second request, a thorough search was conducted for responsive documents by the Region, which has program jurisdiction over the species of coral at issue in the request. As discussed below, both the Southeast Region (Region) of NMFS and NMFS Headquarters searched for responsive documents. NMFS Headquarters also searched for responsive documents upon the Region's request because a BRT point of contact, a former BRT member, and specific employees named in responsive documents were located at NMFS Headquarters. I coordinated and supervised the Regional search and Tonya Woods, NMFS' FOIA Officer, coordinated the NMFS Headquarters search. Under our direction, the Region and NMFS Headquarters searched electronic files, hard copy files, and everywhere reasonably calculated to uncover all relevant documents related to the restructuring of a BRT, which involves selecting new members, in response to CBD's petition dated March 3, 2004. As discussed below, paragraphs 11, 12, and 13 provide more details about the search.

11. By letter dated October 19, 2004, NMFS issued a timely response to the second FOIA request, informing plaintiff that all records responsive to his request, consisting of 16 pages of documents, were being released to him in their entirety. By letter dated November 16, 2004, the plaintiff appealed to the Assistant General Counsel for Administration the October 19, 2004 response arguing that NMFS had failed to conduct an adequate search.

12. Subsequent to the October 19, 2004 response, new information became available to NMFS as to which offices and employees might possess responsive records. At each stage when new places to search were identified, NMFS searched and processed documents, as discussed in detail

4

below. All available staff responsible for FOIA processing were continuously working on this request as search results produced additional records for review. As records were reviewed, some of the records that were located contained information on the selection of the *Acropora* BRT. It was necessary to consult with the program experts, authors of the records, and legal counsel to determine whether the records were responsive to the FOIA request, and if so, whether they were exempt from disclosure in whole or in part under FOIA. NMFS program and FOIA staff and NOAA and Departmental legal staff worked diligently to make a final release of records to the plaintiff. During this time, it was necessary to continue to process all other incoming FOIA requests, as well. At the time of the request, the Region had 24 open, active FOIA requests. The Region processes approximately 100 FOIA requests a year for direct response. Thus far, for fiscal year 2005, NMFS has received 213 FOIA requests and NOAA has received 461 FOIA requests. Additionally, the Region and NMFS Headquarters routinely conducts searches and provides information and guidance to NOAA on numerous FOIA requests for which they are not directly assigned. As a result of the new searches, 62 additional pages of information were located. Of the 62 total pages, NMFS determined that 24 pages were nonresponsive; that 26 pages were releasable in their entirety; and, that 12 pages, consisting of seven documents, contained information protected pursuant to FOIA exemption (b)(5). (Some time after NOAA's January 19, 2005, second release of documents to the plaintiff, Malcolm Orr, Attorney Advisor, Assistant General Counsel for Administration, advised the plaintiff that he was informed by NMFS that additional documents would be released to the plaintiff. Subsequently, NMFS determined that some of those documents were nonresponsive.) Of the 26 pages releasable in their entirety, 23 pages were released to the plaintiff in their entirety by NOAA on January 19, 2005. The seven documents (consisting of 12 pages) containing information protected under FOIA, and 3 pages of a fully-releasable document (the remaining pages of the 26 releasable pages), were forwarded to the Department's Office of the Assistant General Counsel for Administration to be processed along with the plaintiff's November 16, 2004 appeal. These documents were released to the plaintiff on July 29, 2005. Details about the 62 additional pages of information located by NMFS are provided in the following subparagraphs a. through e.:

   a. On or about November 1, 2004, a Region employee located 14 additional pages of responsive information while searching for responsive records to NOAA FOIA Request #2004-00593. On December 1, 2004, a Region employee located two additional pages of responsive information that were initially believed to be nonresponsive by the employee.

   b. In December 2004, a NMFS Headquarters employee who had previously searched for responsive records and considered her responsive records to be duplicates to those already provided by the Region was asked by NMFS' FOIA Officer to provide copies of those records to the NMFS FOIA Officer. The documents, 12 pages, turned out not to be duplicates.

   c. Concerning the 28 pages of information discussed in subparagraphs a. and b. above, by letter dated January 19, 2005, NOAA released 23 pages in their entirety and informed the plaintiff that three documents, consisting of five pages, were being withheld in whole or in part under FOIA exemption (b)(5) and were being forwarded to the Office of the Assistant General Counsel for Administration for processing as part of the appeal. Upon reconsideration, NMFS

5

determined that none of the three documents forwarded to the Office of the Assistant General Counsel for Administration would be withheld in whole. These documents were released to the plaintiff on July 29, 2005.

      d. In December 2004, an additional four responsive documents, consisting of seven pages, were located by a NMFS Headquarters employee. These documents are exempt from disclosure pursuant to FOIA exemption (b)(5) and were forwarded to the Office of the Assistant General Counsel for Administration for processing as part of the appeal. These documents were released to the plaintiff on July 29, 2005.

      e. On January 21, 2005, the Region asked that NMFS Headquarters employees whose names appeared in the documents released on January 19, 2005, search their files for responsive records. This search resulted in one additional three-page document that NMFS determined is releasable in its entirely. The document was forwarded to the Office of the Assistant General Counsel for Administration for processing as part of the appeal and was released to the plaintiff on July 29, 2005.

      13. NMFS has determined that the search for responsive records was thorough and complete and that all offices and files within those offices that were expected or known to contain responsive documents were searched.

      14. By letter dated July 29, 2005, the Department issued a response to the appeal, releasing one document and portions of seven additional documents. The portions of seven documents being withheld pursuant to FOIA Request # 2004-0594 are exempt from disclosure pursuant to the deliberative process privilege incorporated into FOIA exemption (b)(5).

      15. Seven documents are withheld in part (documents numbered 16 through 22 on the Vaughn Index). All withheld information consists of preliminary recommendations by NOAA employees, which were part of the Department's deliberations in the decisionmaking process about how to select and establish a Biological Review Team to recommend potential listings under the Endangered Species Act as part of the Department's status review. Documents number 19 and 20 on the Vaughn Index include NOAA consultants who were part of NOAA's deliberations and had no personal stake in the outcome of the decisionmaking process or final decision. Withheld information from one document (document numbered 18 on the Vaughn Index) also includes nonresponsive information. The nonresponsive information concerns candidate listing of species not subject to the FOIA request.

      16. The withheld responsive portions of all the documents are predecisional and deliberative. Disclosure would be harmful to the give-and-take of deliberations crucial to the formulation of scientific reports, as well as confusing to the public, since the recommendations were not incorporated into a final agency decision. The deliberative process privilege protects against public confusion that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action. The withheld information consists of opinions and recommendations used by decisionmakers in their predecisional deliberations. Disclosure would interfere with the candor necessary to the decisionmaking process.

6

17. In connection with the review of documents which are the subject of this suit, all reasonably segregable information has been released to plaintiff. No further meaningful information can be segregated and released.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of September 2005 in St. Petersburg, Florida.

*Beverly J. Smith*
Beverly J. Smith