**UNITED STATES DEPARTMENT OF COMMERCE**
**National Oceanic and Atmospheric Administration**
NATIONAL MARINE FISHERIES SERVICE
1315 East-West Highway
Silver Spring, Maryland 20910

THE DIRECTOR

OCT 1 5 2004

Brent Plater, Esq.
Center for Biological Diversity
1095 Market Street, Suite 511
San Francisco, California 94103

RE:   FOIA Request 2004-00557

Dear Mr. Plater:

This is in final response to your August 27, 2004, Freedom of Information Act (FOIA) request, which was received in our office on September 1, 2004. You specifically requested the following information:

> A copy of all documents, inter-agency and intra-agency communications, and all other information received by NOAA Fisheries in response to the public comment period/request for information on CBD's petition to list *Acropora plamata* (Elkhorn Coral), *A. cervicornis* (Staghorn Coral), and *A. prolifera* (Fused-Staghorn Coral) as endangered species under the Endangered Species Act. The public comment period was announced at 69 FR 34995 (June 23, 2004) and ended on August 23, 2004.

Pursuant to 15 CFR 4.11, you have been granted a full-fee waiver. Therefore, you were not charged for the associated fees of processing a FOIA request.

This letter completes our response to your request. A search of our files located the enclosed 223 pages of records responsive to your request. However, three email records listed below contain privileged information and are exempt from disclosure pursuant to Exemption 6 of the FOIA, 5 U.S.C. 552(b)(6). Exemption 6 permits the government to withhold all information about individuals in "personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy."

The three redacted email records are:

| Date | Description |
|---|---|
| 06/29/04 | Public to *Acropora* |
| 08/23/04 | Precht to *Acropora* |
| 08/24/04 | Plater to *Acropora* re Comments on Federal ESA Listing of *A. palmata* |


GOVERNMENT EXHIBIT C

THE ASSISTANT ADMINISTRATOR
FOR FISHERIES




Printed on Recycled Paper

The search also located one enclosed document issued by the U.S. Department of the Army Corps of Engineers (COE). Beverly J. Smith, FOIA Unit, consulted with Valarecia Towers, FOIA Officer, COE, who authorized us to release the document to you.

Under Title 15, Code of Federal Regulations, Section 4.10(a), you have the right to appeal this partial denial determination. Your appeal must be received within 30 calendar days from the date of the written denial. Address your appeal to the following office:

> U.S. Department of Commerce
> Office of the General Counsel
> Assistant General Counsel for Administration
> Room 5875
> 14th Street and Constitution Avenue, N. W.
> Washington, D.C. 20230

You may also send your appeal by email to FOIAAppeals@doc.gov or by facsimile (fax) to (202) 482-2552. The appeal (written or electronic) must include a copy of the original request, the response to your request and a statement of the reasons why the withheld records should be made available and why the denial of the records was in error. The submission (including e-mail and fax submissions) is not complete without the required attachments. The appeal letter, the envelope, the e-mail subject line, or the fax cover sheet should be clearly marked "Freedom of Information Appeal." Please refer to FOIA#2004-00557 in your correspondence.

If you have any further questions, please contact Barbara Niswander or Ms. Smith, FOIA Unit, (727) 570-5762.

Sincerely,

*Rebecca heul*

William T. Hogarth, Ph.D.
Assistant Administrator
for Fisheries

Enclosures

cc:  (w/o enclosures)
GCSE - Joy
F/SER3- Bernhart, Griffin
F/MB2 - Woods
F/MB - Bowman
F/SER1 - Niswander, Smith

**From:** Brent Plater <bplater@biologicaldiversity.org>
**To:** FOIAAppeals@doc.gov
**Date:** Monday, November 15, 2004 05:12PM
**Subject:** Freedom of Information Appeal FOIA # 2004-00557

*date received time*

---

November 15, 2004
SENT VIA ELECTRONIC MAIL

U.S. Department of Commerce
Office of the General Counsel
Assistant General Counsel of Administration
Room 5875
14th Street and Constitution Avenue, N.W.
Washington, DC 20230
FOIAAppeals@doc.gov

FREEDOM OF INFORMATION ACT APPEAL; FOIA # 2004-00557

Dear Freedom of Information Act Officer:

On behalf of the Center for Biological Diversity ("the Center"), and pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq. ("FOIA"), I am writing to appeal the National Marine Fisheries Service's ("NMFS") October 15, 2004 denial of the Center's FOIA request of August 27, 2004. The August 27, 2004 FOIA requested the following information:

- A copy of all documents, inter- and intra-agency communications, and all other information received by the National Marine Fisheries Service in response to the public comment period/request for information on the Center's petition to list Acropora palmata (Elkhorn Coral), A. cervicornis (Staghorn Coral), and A. prolifera (Fused-Staghorn Coral) as endangered species under the Endangered Species Act. The public comment period was announced at 69 Fed. Reg. 34,995 (June 23, 2004) and ended on August 23, 2004.

(Attached as Exhibit A). In response to the August 27, 2004 FOIA request, NMFS claimed that three of the fourteen documents responsive to this request contained "privileged information and are exempt from disclosure pursuant to Exemption 6 of the FOIA, 5 U.S.C. 552(b)(6)." NMFS October 15, 2004 Response, p.1 (Attached as Exhibit B). Specifically, NMFS redacted that contact information from three of the comments received during the public comment period. In perhaps the most absurd of the three redactions, NMFS redacted the contact information from an electronic message that was submitted to NMFS by the Center's staff attorney, Mr. Brent Plater.


GOVERNMENT EXHIBIT D

NMFS' withholding of the phone numbers and addresses submitted to NMFS during the public comment period is unlawful, and the Center is appealing the redaction pursuant to its administrative remedies under FOIA.

**EXEMPTION 6 DOES NOT PROVIDE AUTHORITY TO WITHHOLD THE CONTACT INFORMATION OF INDIVIDUALS WHO SUBMITTED PUBLIC COMMENTS**

NMFS redacted the contact information from three documents responsive to the Center's request, insinuating that FOIA Exemption 6 provides NMFS with authority to withhold this information in order to prevent a "clearly

unwarranted invasion of personal privacy." October 15, 2004 Response, p.1. **None of the three commenters requested that their contact information remain confidential.** Indeed, one document that was redacted had been provided to NMFS by the Center, and therefore the Center already has the information that NMFS claims must be withheld to protect a "clearly unwarranted invasion of personal privacy." This rationale is absurd, and oversteps the grounds of Exemption 6.

When a person chooses to enter his or her name, address, and phone number into the public record of an administrative proceeding, the author clearly has agreed to make this name public. Exemption 6 does not cover such information, which only pertains to personnel, medical or similar information—not personal information—in an agency's files concerning its own employees or contractors. Case law supports this view.

As a preliminary manner, public comments are not "personnel files [or] medical files [or] similar files" and therefore do not fall within the ambit of Exemption 6. The Supreme Court has suggested that Exemption 6 applies only to "Government records" that contain private information. U.S. Dep't of State v. Washington Post Co., 456 U.S. 595, 602 (1982). Comments submitted voluntarily to the government are not similar to personnel or medical government records, even when the comments contain personal information. Therefore Exemption 6 is not applicable here.

But even if Exemption 6 were applicable, NMFS cannot maintain that the release of contact information voluntarily submitted by the public into a public record will cause an unwarranted invasion of privacy. The ultimate inquiry in a case involving Exemption 6 is a balancing test between the public interest and privacy interests. United States Dep't of State v. Ray, 502 U.S. 164, 173, (1991). Unless the invasion of privacy is "clearly unwarranted, the public interest in disclosure must prevail." Id.

In Washington Post Co. v. United States Dep't of Agric., 943 F. Supp. 31 (DC Cir. 1996) the court determined that personal contact information must be disclosed under FOIA after conducting a balancing test and is controlling here. As the court noted,

[n]one of the information at issue in this case is stigmatizing, embarrassing or dangerous; it does not expose these cotton farmers to creditors; and it reveals nothing about the success or failure of the farm or the wealth or poverty of the recipient. By contrast, Judge Penn withheld the names of individuals who had defaulted on their student loans because of the highly sensitive nature of that very piece of information, namely, the fact that the person defaulted.

Id. at 35. Even more on point, in Alliance for the Wild Rockies v. Dep't of Interior, 53 F. Supp. 2d 32 (D. D.C. 1999), the court found that the release of contact information of individuals who submitted public comments far outweighed any privacy interest that might theoretically exist in the contact information:

[T]he Court finds that the public interest in full disclosure of the written comments clearly outweighs the commenters' privacy interests, if any, in nondisclosure of their names and addresses. . . . [I]t is remarkable that defendants object to disclosure of the names and addresses of the commenters. The notice of proposed rulemaking made no reference to any limitations on the public's ability to review the comments . . . . Had

**defendants intended otherwise, they could have taken efforts at the time the notice was published to assure commenters that their responses would be confidential or to offer them the opportunity to request anonymity.**

Id. at 36-37.

Similarly here, this information is not stigmatizing or embarrassing, and was disclosed publicly by submitting written comments to the agency including their name, address, and even their phone number into the public record. These are public comments on a public agency action; the commenters' actions cannot be construed to maintain a privacy interest in this forum, and NMFS has never insinuated that any portion of the public comments received would remain confidential. Furthermore, there is great public interest in full disclosure, including the ability of the Center to contact other individuals who support its actions and to further understand the objections, if any, to its activities by direct communication with commenters who may disagree with the Center's positions.

I look forward to your reply within twenty working days as required by FOIA. 5 U.S.C. 552(a)(6)(A)(i). A proper response would be to release the redacted information to the Center as soon as possible. Please send all materials to the address on this letterhead. Please call me at (415) 436-9682 if you have any further questions about this request.

                Sincerely,

                Brent Plater

Brent Plater
Staff Attorney
Center for Biological Diversity
San Francisco Bay Area Office
1095 Market St., Suite 511
San Francisco, CA 94103
Phone: 415-436-9682 x 301
Fax: 415-436-9683
bplater@biologicaldiversity.org
http://www.biologicaldiversity.org

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited by law. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

Attachments:

Appeal of Coral Public Comments FOIA.pdf

Appeal of Coral Public Comments FOIA Exhibit A.pdf

Appeal of Coral Public Comments FOIA Exhibit B.pdf