UNITED STATES DEPARTMENT OF COMMERCE
National Oceanic and Atmospheric Administration
NATIONAL MARINE FISHERIES SERVICE
1315 East-West Highway
Silver Spring, Maryland 20910

THE DIRECTOR

JAN 1 9 2005

Brent Plater, Esq.
Center for Biological Diversity
1095 Market Street, Suite 511
San Francisco, California 94103

RE: FOIA #2004-00593

Dear Mr. Plater:

This letter completes our response to the above-captioned FOIA request, which was received in our office on September 30, 2004. You requested all documents, inter- and intra-agency communications, notes, electronic mail, and/or any other document pertaining to Caribbean *Acroporids* written by, received by, or within the files of Jennifer Ann Moore, except for responsive records that post-dates March 1, 2004, which are not included in this request.

We found 397 pages of records responsive to your request. Enclosed are an index and the releasable records in our possession. Furthermore, an index of publicly available publications is also enclosed. Pursuant to 15 CFR §4.11, you have been granted a full-fee waiver. Therefore, you were not charged for the associated fees of processing a FOIA request.

Also, the search located 15 records, or portions of records, that contain privileged information, which are exempt from disclosure pursuant to 5 U.S.C. 552(b)(5), which states: "This section does not apply to matters that are inter- or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."

The withheld records are:

| Date | Description |
| --- | --- |
| 05/25/2001 | Assessment of Endangered Species Act (ES) Candidate *Acroporid* Coral Populations in U.S. Waters. |
| 09/23/2003 | Email from Bolden to Scannell re Interpretation of Hybrid Policy. |
| 09/26/2003 | Attachment to email from Jacukiewicz to Bolden, et al. re *Acropora* Biological Review Team Update Sheet. |
| 11/12/2003 | Attachment to email from Bruckner to Jacukiewicz et al. re *Acropora* meeting update. |


Printed on Recycled Paper


GOVERNMENT EXHIBIT E

THE ASSISTANT ADMINISTRATOR
FOR FISHERIES



| | |
|---|---|
| 12/08/2004 | Email from Rogers to Jacukiewicz re Question about confidentiality. |
| 12/15/2003 | Attachment to email from Bolden to Bruckner, et al. re *Acropora* skeleton status review. |
| 02/11/2004 | Attachment to email from Bolden to Jacukiewicz et al. re 3rd *Acropora* BRT meeting and status review skeleton. |

The redacted records are:

| Date | Description |
|---|---|
| 08/20/2003 | Email from Bernhart to Bolden, et al. re Coral Needs. |
| 10/06/2003 | Email from Jacukiewicz to Cranmore re Little blurb needed on *Acropora*. |
| 11/07/2003 | Email from Bolden to Jacukiewicz re Terms of Reference. |
| 12/01/2003 | Email from Bolden to Jacukiewicz re Coral article. |
| 12/01/2003 | Email from Miller to Bolden et al. re 2nd BRT meeting. |
| 12/10/2003 | Email from Baums to Bolden et al. re *Acropora* presentation 17 December. |
| 12/11/2003 | Email from Bolden to Jacukiewicz re Am Nat *Acropora* paper. |
| 12/11/2003 | Email from Bolden to Jacukiewicz re *Acropora* presentation December 17. |
| 01/09/2004 | Email from Lee to Bolden et al. re Activities? |

Under Title 15, Code of Federal Regulations, Section 4.10(a), you have the right to appeal this partial denial determination. The Assistant General Counsel for Administration must receive your appeal within **30 calendar days** of the date of the initial denial letter. Address your appeal to the following office:

> Assistant General Counsel for Administration (Office)
> U.S. Department of Commerce
> Room 5875
> 14th and Constitution Avenue, NW
> Washington, D.C. 20230

You may also send your appeal by E-mail to **FOIAAppeals@doc.gov** or by facsimile (fax) to Area Code **(202) 482-2552**. The appeal must include a copy of the original request, the response to the request, and a statement of the reasons why withheld records should be made available and

why denial of the records was in error. The submission (including e-mail and fax submissions) is not complete without the required attachments. The appeal, the envelope, the e-mail subject line, and the fax cover sheet should be clearly marked "Freedom of Information Act Appeal." The e-mail, fax machine and Office of the General Counsel are monitored only on working days during normal business hours (8:30 a.m. to 5:00 p.m., Eastern Time, Monday through Friday). FOIA appeals posted to the e-mail box, fax machine or Office of General Counsel after normal business hours will be deemed received on the next normal business day.

Sincerely,

*Rebecca Lent*
William T. Hogarth, Ph.D.
Assistant Administrator
for Fisheries

Enclosures



# CENTER FOR BIOLOGICAL DIVERSITY

SAN FRANCISCO BAY AREA OFFICE
*Protecting endangered species and wild places through science, policy, education, and environmental law*

February 16, 2005

**SENT VIA ELECTRONIC MAIL**

U.S. Department of Commerce
Office of the General Counsel
Assistant General Counsel of Administration
Room 5875
14th Street and Constitution Avenue, N.W.
Washington, DC 20230
FOIAAppeals@doc.gov

### FREEDOM OF INFORMATION ACT APPEAL; FOIA # 2004-593

Dear Freedom of Information Act Officer:

On behalf of the Center for Biological Diversity ("the Center"), and pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq. ("FOIA"), I am writing to appeal the National Marine Fisheries Service's ("NMFS") January 19, 2005 denial of the Center's FOIA request of October 1, 2004. The October 1, 2004 FOIA requested the following information:

- **A copy of all documents, inter- and intra-agency communications, notes, electronic mail, and/or any other document pertaining to Caribbean Acroporids written by, received by, or within the files of Jennifer Ann Moore, Natural Resource Specialist, NOAA Fisheries Protected Resources Division, Southeast Regional Office. Responsive information that post-dates March 1, 2004 are not included in this request.**

(Attached as Exhibit A). In response to the October 1, 2004 FOIA request, NMFS claimed that "15[1] records, or portions of records, that contain privileged information . . . are exempt from disclosure pursuant to 5 U.S.C. 552(b)(5)." <u>NMFS January 19, 2005 Response</u>, p.1 (Attached as Exhibit B).

NMFS' withholding of this information is improper, and this letter is a timely appeal of that decision. The documents requested are clearly releasable under FOIA, and may not validly be protected by Exemption 5.

---

[1] Although the letter states that only 15 items have been withheld, 16 items are actually listed as being withheld or redacted by the agency in the January 19, 2005 letter.

**Tucson • Phoenix • Idyllwild • San Diego • San Francisco • Portland • Silver City • Denver**

Brent Plater, Esq.
1095 Market Street, Suite 511 • San Francisco, CA 94103
PHONE: (415) 436-9682 x 301 • FAX: (415) 436-9683
bplater@biologicaldiversity.org • www.biologicaldiversity.org

GOVERNMENT EXHIBIT F

The Supreme Court has clearly stated that FOIA seeks "to establish a general philosophy of full agency disclosures unless information is exempted under clearly delineated statutory language." *NLRB v. Sears, Roebuck, & Co.*, 421 U.S. 132, 136 (1975) (quoting S. Rep. No. 813, 89th Cong., 1st Ses., 3 (1965)). Moreover, "an agency seeking to withhold information under an exemption to FOIA has the burden of proving that the information falls under the claimed exemption." *G C Micro Corp. v. Defense Logistics Agency*, 33 F.3d 1109, 1113 (9th Cir. 1994). The agency must show "by specific and detailed proof that disclosure would defeat, rather than further, the purposes of FOIA." *Mead Data Central Inc.v. Dept. of the Air Force*, 566 F.2d 242, 258 (D.C. Cir. 1978). The denial letter fails those duties because it fails to sufficiently explain or provide sound reasons as to why the materials were withheld. As pointed out by the D.C. Circuit, providing a "document's issue date, its author and intended recipient, and the briefest of references to its subject matter will not do." *Senate of Puerto Rico, ex rel Judiciary Comm. v. U. S. Dep't of Justice*, 823 F.2d 574, 585 (D.C. Cir. 1987).

In regards to Exemption Five, three major categories exist, the "deliberative process" or "predecisional" privilege, the attorney-client privilege, and the attorney work product privilege. *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 862 (D.C. Cir. 1980). Since the denial letter does not describe under which of these categories the withheld material falls, we will address all three.

The goal of the predecisional privilege is to "prevent injury to the quality of agency decisions" by promoting full candor from agency personnel in the decision making process. *Sears*, 421 U.S. at 151. However, the agency must establish what deliberative process is involved and the role played by the documents in issue in the course of that process. *Coastal States*, 617 F.2d 868. Prior to March 1, 2004, the agency was not actively preparing a decision in regards to the Caribbean *Acroporids*. The agency did not begin a serious decision making process until the Center for Biological Diversity petitioned for listing of Caribbean *Acroporids* on March 1, 2004. Indeed, one of the species the Center petitioned for has never before been subject to ESA listing or candidacy status. Thus, prior to that date, the agency cannot claim there was a serious deliberative process occurring that would need to be protected by Exemption Five, and all documents requested should be released.

The attorney-client privilege protects communications between attorney and client in order to avoid disclosure of the client's confidences. There must be a genuine relationship between the attorney and client, there must be a reasonable expectation of privacy, the client must preserve the confidentiality of the communication, and the topic of the communication must be connected with obtaining legal counsel. Nothing about the withheld materials suggests they are part of any attorney-client privilege

The attorney work product privilege protects documents and memoranda prepared by an attorney in contemplation of litigation. None of the withheld materials appear to be the product of attorney work nor are we aware of any litigation for which the withheld materials may have been prepared. Therefore, it is unlikely that this privilege applies to

2

the withheld materials.

We request that all the withheld materials be released in compliance with our request. If that request is not met, we ask that all withheld materials be adequately described so we can better ascertain the agency's reasoning as to why the materials fall under Exemption Five. We await your prompt reply. Thank you.

Sincerely,

Brent Plater

3