

**UNITED STATES DEPARTMENT OF COMMERCE**
**Office of the General Counsel**
Washington, D.C. 20230

JUL 0 8 2005

Mr. Brent Plater
Center for Biological Diversity
San Francisco Bay Area Office
1095 Market Street, Suite 511
San Francisco, CA 94103

Dear Mr. Plater:

This is in response to your Freedom of Information Act (FOIA) (5 U.S.C. § 552) appeal for information withheld pursuant to 5 U.S.C. § 552 § (b)(5) (FOIA exemption (b)(5)) by the National Oceanic and Atmospheric Administration (NOAA), in response to your October 1, 2004 FOIA request for documents related to Caribbean Acroporids written by, received by, or within the files of National Marine Fisheries Service (NMFS), National Resource Specialist Jennifer Ann Moore, and a fee waiver. Please be advised that Jennifer Ann Moore and Jennifer Jacukiewicz are the same person.

In response to your FOIA request, by letter dated January 19, 2005, Dr. William T. Hogarth, Assistant Administrator for Fisheries, NMFS, granted the fee waiver, released documents, and informed you that fifteen documents were being withheld in full or in part pursuant to FOIA exemption (b)(5). NMFS actually withheld sixteen documents in whole or in part, as set forth in the index NMFS provided to you. By letter both dated and received February 16, 2005, you appealed the partial denial of your request. Your appeal is granted in part.

In your appeal you assert that NMFS improperly withheld information because it is not protected by any privilege incorporated into FOIA Exemption (b)(5). You state that none of the three privileges - the deliberative process privilege, the attorney-client privilege, nor the attorney work product privilege - apply to the information at issue. You assert that the agency was not engaged in a decision-making process relative to Caribbean *Acropora* and, that the documents are not the product of an attorney-client relationship, pending litigation, or other attorney work.

At issue in your appeal are sixteen documents, seven withheld in their entirety and nine withheld in part, including eleven e-mails exchanged between NMFS researchers and collaborators, and five draft documents prepared by NMFS researchers in providing recommendations for a final agency determination regarding the designation of certain coral species as threatened or endangered. We have determined that one document withheld in its entirety, portions of a second document withheld in its entirety, and additional portions of one document withheld in part are releasable. Fifteen documents and portions of documents are exempt from disclosure pursuant to FOIA exemption(b)(5).



2

Four of the documents are draft working papers, one is an "update sheet" outline, and ten are e-mails. FOIA exemption (b)(5) protects from disclosure inter- or intra-agency documents which would not be available by law to a party in litigation with the agency. NLRB v. Sears, Roebuck & Co., 421 U.S. 132 (1974). Two privileges incorporated into (b)(5) are the attorney-client privilege and the deliberative process privilege. No documents are being withheld pursuant to the attorney work-product privilege.

One document, an e-mail request for legal advice from a NMFS researcher to a NOAA attorney, is withheld in its entirety under the attorney-client privilege. The attorney-client privilege protects communications between an attorney and a client. Mead Data Cent., Inc. v. United States Dep't of the Air Force, 566 F.2d 242 (D.C. Cir. 1977). We are informed by NMFS, that the communication was not disclosed to anyone not included in the attorney-client relationship. Despite your assertion that the attorney-client privilege does not apply, this document was properly withheld pursuant to the attorney-client privilege.

Fourteen documents are withheld in whole or in part pursuant to the deliberative process privilege. Four of the documents are draft working papers, withheld in their entirety. One "update sheet" outline and nine e-mail communications are withheld in part. The deliberative process privilege incorporated into FOIA Exemption (b)(5) exempts from disclosure predecisional documents that are part of a deliberative process. Vaughn v. Rosen, 523 F.2d 1136 (D.C. Cir. 1975). A predecisional document is one prepared in order to assist an agency decision-maker in deliberations. See, Federal Open Market Comm. v. Merrill, 443 U.S. 340 (1979). Predecisional documents include recommendations, drafts, proposals, and other material that reflect the personal opinions of the author rather than the policy of the agency. The predecisional character of a document, and its protection under Exemption (b)(5), is not altered when an agency makes a final decision, or decides not to make a decision, unless the record is expressly incorporated into some final agency action. Judicial Watch, Inc. v. Export-Import Bank, 108 F. Supp. 2d 19, 36 (D.D.C. 2000).

Although, in your appeal, you maintain that the agency "did not begin a serious decision making process until the Center for Biological Diversity petitioned for listing of Caribbean *Acroporids* on March 1, 2004," in fact, NMFS informs us that, at that time NMFS was actively engaged in predecisional deliberations regarding placement of staghorn coral, elkhorn coral, and other coral on the Endangered Species list. All of the withheld records were part of the decisionmaking process and all were created prior to that date; I note that there was an error in the response to your FOIA request, in which the agency incorrectly identified one e-mail as dated December 8, 2004 instead of December 8, 2003. All of the information withheld pursuant to the deliberative process privilege constitutes predecisional opinions and recommendations used in deliberations by agency decisionmakers.

3

To the extent that any of the withheld information is factual, it is protected by the (b)(5) deliberative process privilege because it is an integral part of the deliberations undertaken by the Government. Wolfe v. HHS, 839 F.2d 768 (D.C. Cir. 1988). All releasable information has been segregated out from the documents and provided to you.

This is the final decision of the Department of Commerce. You have the right to obtain judicial review of this partial denial as provided in 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Barbara S. Fredericks
Assistant General Counsel
for Administration

Enclosures



UNITED STATES DEPARTMENT OF COMMERCE
**National Oceanic and Atmospheric Administration**
NATIONAL MARINE FISHERIES SERVICE
Southeast Regional Office
9721 Executive Center Drive N.
St. Petersburg, Florida 33702
(727) 570-5762; FAX (727) 570-5583
http://sero.nmfs.noaa.gov

OCT 19 2004

F/SER1:BSN
SER04-179
FOIA 2004-00594

Brent Plater, Esq.
Center for Biological Diversity
1095 Market Street, Suite 511
San Francisco, CA 94103

RE: Freedom of Information Act (FOIA) Request 2004-00594 dated October 1, 2004

Dear Mr. Plater:

This is in response to your above-captioned FOIA request, which was received in our office on September 30, 2004. You specifically requested the following information:

> A copy of all documents, inter- and intra-agency communications, and all other information received by the National Marine Fisheries Service in selecting members for a Biological Review Team for the Center's petition to list *Acropora palmata* (Elkhorn Coral), *A. cervicornis* (Staghorn Coral), and *A. prolifera* (Fused-Staghorn Coral) as endangered species under the Endangered Species Act.

This letter completes our response to your request. We found 16 pages of records responsive to your request. These documents are enclosed and are being released to you in their entirety. Pursuant to 15 CFR § 4.11, you have been granted a full-fee waiver. Therefore, you were not charged for the associated fees of processing a FOIA request.

If you have any further questions, please contact Barbara Niswander or Beverly J. Smith, FOIA Unit, at (727) 570-5762.

Sincerely,

Roy E. Crabtree, Ph.D.
Regional Administrator

Enclosures


