

# CENTER FOR BIOLOGICAL DIVERSITY

SAN FRANCISCO BAY AREA OFFICE

*Protecting endangered species and wild places through science, policy, education, and environmental law*

November 16, 2004

**SENT VIA ELECTRONIC MAIL**

U.S. Department of Commerce
Office of the General Counsel
Assistant General Counsel of Administration, Room 5875
14th Street and Constitution Avenue, N.W.
Washington, DC 20230
FOIAAppeals@doc.gov

**FREEDOM OF INFORMATION ACT APPEAL; FOIA # 2004-00594**

Dear FOIA Appeal Officer:

On behalf of the Center for Biological Diversity ("the Center"), and pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq. ("FOIA"), I am writing to appeal the National Marine Fisheries Service's ("NMFS") October 19, 2004 FOIA response, (Exhibit B), to the Center's October 1, 2004 FOIA request (Exhibit A). In the October 1 letter, the Center requested

- **A copy of all documents, inter- and intra-agency communications, and all other information received by the National Marine Fisheries Service in selecting members for a Biological Review Team for the Center's petition to list *Acropora palmata* (Elkhorn Coral), *A. cervicornis* (Staghorn Coral), and *A. prolifera* (Fused-Staghorn Coral) as endangered species under the Endangered Species Act.**

In response, NMFS provided two items: six copies of a form letter sent to "tentative" members of a Biological Review Team, and a single e-mail indicating that NMFS was "revising" the Acropora Biological Review Team. NMFS listed no documents that were exempt from disclosure.

NMFS' paltry response to this FOIA request is untenable. NMFS has had a biological review team for the coral species at issue here for a number of years. The team included Andrew W. Bruckner, author of NOAA Technical Memorandum NMFS-OPR-24, which describes the status of these coral species and suggests the use of the Endangered Species Act a conservation strategy. Yet there are no documents provided explaining why Mr. Bruckner or any other member of NMFS' original biological review team were removed from the Acropora biological review team. These documents are

---

Tucson • Phoenix • Idyllwild • San Diego • San Francisco • Portland • Silver City

**GOVERNMENT EXHIBIT 1**

Brent Plater, Esq.
1095 Market Street, Suite 511 • San Francisco, CA 94103
PHONE: (415) 436-9682 x 301 • FAX: (415) 436-9683
bplater@biologicaldiversity.org • www.biologicaldiversity.org

within the scope of the Center's request and must be provided to the Center as soon as possible.

Furthermore, there is nothing in NMFS' response indicating that any of the individuals who were asked to participate in the new biological review team actually accepted the invitation. It seems unlikely at best that there are no documents explaining who accepted the invitation to become a biological review team member, who declined, and the rationale or basis for NMFS' offer, the acceptance, and/or the decline. Documents explaining these positions must exist, and yet none have been provided to the Center and no exemption was cited.

Finally, the single responsive e-mail provided by NMFS indicates that there is more information that has not yet been provided. In a message to Roy Crabtree dated July 20, 2004, Stephania Bolden explains that the old biological review team was being "revised" in order to "increase participation in both areas of exercise and jurisdiction." However, there is no documentation to explain what Ms. Bolden's statement means, and why individuals from NMFS' Office of Protected Resources, including Mr. Bruckner, have been excluded from the new review team when their agency clearly has jurisdiction over this petition. Documentation explaining the rationale for such an incongruent decision must exist, but it has not been provided to the Center, nor has it been withheld under any exemption to FOIA.

Thus, NMFS has failed to conduct an adequate search for the documents requested, see Steinberg v. United States DOJ, 306 U.S. App. D.C. 240, 23F.3d 548, 551 (D.C. Cir.1994); Schaldetsch v. HUD, No. 99-0175, slip op. at 10 (D.D.C. Apr. 4, 2000) (for electronic searching requirements) and/or has failed to provide documents responsive to the Center's request.

As you are aware, you have 20 business days to respond to this appeal. If I do not receive a response within this time, I will seek judicial review of your action or inaction. Should we have to go to federal court to resolve this dispute, the FOIA provides for the following: "the court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). See also Id. § 552 (a)(4)(F) (where court orders production of records improperly withheld and assesses against the United States reasonable attorney fees and costs, and issues written finding regarding arbitrary or capricious action by agency personnel, Special Counsel shall initiate proceeding to determine whether disciplinary action is warranted).

Please direct all responses and questions regarding this matter to me at the address provided. Thank you for your prompt attention to this matter.

Sincerely,

*Brent Plater* (signature)

Brent Plater

2



UNITED STATES DEPARTMENT OF COMMERCE
Office of the General Counsel
Washington, D.C. 20230

JUL 29 2005

Mr. Brent Plater
Center for Biological Diversity
San Francisco Bay Area Office
1095 Market Street, Suite 511
San Francisco, CA 94103

Dear Mr. Plater:

This is in response to your Freedom of Information Act (FOIA) (5 U.S.C. § 552) appeal regarding the National Marine Fisheries Services' response to your October 1, 2004 FOIA request for and fee waiver and for:

> ... a copy of all documents received by the National Marine Fisheries Services in selecting members for a Biological Review Team for the Center's petition to list *Acropora palmata* (Elkhorn Coral), *A. cervicornis* (Staghorn Coral), and *A. Prolifera* (Fused-Staghorn Coral) as endangered species under the Endangered Species Act.

In response to your FOIA request, by letter dated October 19, 2004, Roy E. Crabtree, Regional Administrator, Southeast Regional Office, National Marine Fisheries Services (NMFS), the National Oceanic and Atmospheric Administration (NOAA), granted the fee waiver and released 16 pages of documents in their entirety. By letter dated November 16, 2004, you appealed the response arguing that NMFS' search for documents was not adequate.

Subsequent to NMFS' October 19, 2004 response, NMFS located 62 additional possibly-responsive pages to your request. Of the 62 pages, NMFS determined that 24 pages were nonresponsive, that 26 pages were releasable in their entirety, and that 12 pages, consisting of seven documents, contained information protected pursuant to FOIA exemption (b)(5). 5 U.S.C. § 552 (b)(5).

By letter dated January 19, 2005, William T. Hogarth, Assistant Administrator for Fisheries, NMFS, forwarded 23 fully releasable pages to you in a supplemental response. Dr. Hogarth informed you that three documents, consisting of five pages, were being withheld in whole or in part under FOIA exemption (b)(5) and were being forwarded to this office to be processed along with your appeal. Upon reconsideration, NMFS determined that none of the three documents would be withheld in whole. Further, subsequent to NMFS' January 19, 2005 supplemental response, four additional documents consisting of seven pages, containing information protected under FOIA exemption (b)(5), and a three page fully-releasable document, were located and forwarded to this office to be processed along with your appeal. Your appeal is granted in part.



GOVERNMENT EXHIBIT

2

At issue in your appeal is the adequacy of the search. In determining if an agency's search is adequate, the issue is not whether any documents might conceivably exist but whether the Government's search for responsive documents was adequate. Oglesby v. United States Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990). In this respect, over a period of months after receiving the October 1, 2004 request, every time new information became available to NMFS as to which offices and employees might possess responsive records, NMFS used this information to search locations that could reasonably be expected to have responsive records. At each stage when new places to search were identified, NMFS searched and processed documents. Goland v. Central Intelligence Agency, 607 F.2d 339, 343, 344, 365, 366 (D.C. Cir. 1979)(CIA's location of hundreds of additional documents nearly three years after a FOIA request deemed an adequate search); Davy v. C.I.A., 357 F.Supp.2d 76, 80, 88, 89 (D.D.C. 2004)(Court deemed adequate search where CIA issued a second FOIA response to the requester three months after its initial response upon locating 70 responsive documents; and issued a third response to the requester 21 months after its initial response upon locating five additional documents by using a new search system). Ultimately, NMFS' FOIA officers determined that in response to your FOIA request, NMFS' search for responsive records is now thorough and complete and that all offices and files within those offices that were expected or known to contain responsive documents were searched. Therefore, NMFS' search meets FOIA standards for responsiveness and adequacy.

Seven documents located after NMFS' October 19, 2004 initial response are being withheld in part pursuant to FOIA exemption (b)(5). The withheld information is contained in e-mails between NOAA employees, and other Federal Government employees and consultants, concerning the makeup and workings of NMFS' Biological Review Team (BRT). The withheld information from all but one document provide opinions and recommendations for final agency determinations regarding the BRT. One document, an August 27, 2003 e-mail, includes two paragraphs of nonresponsive information. The nonresponsive information regards species of fish and coral that are not subject to your request.

FOIA exemption (b)(5) protects from disclosure inter- or intra-agency documents which would not be available by law to a party in litigation with the agency. NLRB v. Sears, Roebuck & Co., 421 U.S. 132 (1974). The deliberative process privilege incorporated into FOIA Exemption (b)(5) exempts from disclosure predecisional documents that are part of a deliberative process. Vaughn v. Rosen, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975). A predecisional document is one prepared in order to assist an agency decision-maker in deliberations. See, Federal Open Market Comm. v. Merrill, 443 U.S. 340, 360 (1979). Predecisional documents include recommendations, drafts, proposals, and other material that reflect the personal opinions of the author rather than the policy of the agency. The predecisional character of a document, and its protection under Exemption (b)(5), is not altered when an agency makes a final decision, or decides not to make a decision, unless the record is expressly incorporated into some final agency action. Judicial Watch, Inc. v. Export-Import Bank, 108 F. Supp. 2d 19, 36 (D.D.C. 2000).

All of the withheld information pursuant to the deliberative process privilege constitutes predecisional opinions and recommendations used in deliberations by agency decision makers

3

concerning the makeup of the BRT. The withheld information meets all FOIA exemption (b)(5) requirements in that the information is predecisional, deliberative and communicated between NOAA employees and other Federal Government employees and consultants. More specifically, withheld portions of the e-mails consist of opinions and recommendations to assist in predecisional deliberations about the selection of members of the BRT to review whether species of coral should be listed as endangered species and do not reflect, explain, or establish final agency determinations concerning the BRT. One document, an August 27, 2003 e-mail, includes two paragraphs of nonresponsive information. The nonresponsive information regards species not subject to your request.

To the extent that any of the withheld information is factual, it is protected by the (b)(5) deliberative process privilege because it is an integral part of the deliberations undertaken by the Government. Wolfe v. HHS, 839 F.2d 768 (D.C. Cir. 1988). All releasable information has been segregated out from the documents and provided to you.

This is the final decision for the Department of Commerce. You have the right to obtain judicial review of this denial, as provided in 5 U.S.C. § 552 (a)(4)(B).

Sincerely,

Barbara S. Fredericks
Assistant General Counsel
    for Administration

Enclosures