**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**CENTER FOR BIOLOGICAL DIVERSITY,**

**Plaintiff,**

**v.**

**CARLOS GUTIERREZ,**
**Secretary, Department of Commerce, et al.,**

**Defendants.**

**Case No: 05-cv-1045 (RMC)**

**ECF**

# *Vaughn* Index

**A. Documents withheld in their entirety pursuant to the October 1, 2004 request for records pertaining to Caribbean *Acroporids* written by, received by, or within the files of NMFS National Resource Specialist Jennifer Ann Moore (Responsive documents contain Ms. Moore's maiden name, Jennifer Jacukiewicz). This request is designated as NOAA FOIA request #2004–00593.**

1. **September 23, 2003** – one page (withheld in full). E-mail from Stephania Bolden, a NOAA employee, to Cheryl Scannell, a NOAA attorney, cc: to Jennifer Jacukiewicz, Georgia Cranmore, and David Bernhart, all of whom were NOAA employees.

   E-mail request for legal advice from a NMFS researcher to a NOAA attorney. This document has not been disclosed outside of the attorney-client relationship and is withheld under (b)(5) attorney-client privilege. Disclosure would reveal confidential attorney-client communications on a matter on which the client has sought legal advice.

GOVERNMENT EXHIBIT B
CARDELS 800-783-0399

2. **May 25, 2001** – four pages (withheld in full). Draft working paper, "Assessment of Endangered Species Act (ESA) Candidate Acroporid Coral Populations in U.S. Waters," written by a NOAA employee with handwritten notes on first page.

The document consists of preliminary recommendations by NOAA employees for NOAA decisionmakers, which were part of Commerce's deliberations concerning decisions on ESA listings. To the extent that factual information is included within this document, it is protected by (b)(5) deliberative process privilege because the facts in the document were selectively chosen as part of the decisionmaking process. The factual information is, therefore, an integral part of the deliberations undertaken by Commerce in determining how to structure the ESA assessment of candidate acroporid populations. This is a draft, a predecisional deliberative document the release of which would discourage open, frank discussions on how NOAA should go about developing and implementing a program to inventory, assess, and monitor U.S. coral reef ecosystems. The document is withheld under (b)(5) deliberative process privilege. This document does not represent a final agency decision on the matter contained therein.

3. **November 12, 2003** – one page (withheld in full), a draft document entitled "Overview-Atlantic *Acropora* Status Review Suggested Format,"written by a NOAA employee, attached to an e-mail from Andy Bruckner to Jennifer Jacukiewicz, cc: to Stephania Bolden, all of whom were NOAA employees.

The document consists of preliminary recommendations by NOAA employees for

NOAA decisionmakers, which were part of Commerce's deliberations concerning decisions on how to structure the Atlantic *Acropora* status review and what should be included in the process. To the extent that factual information is included within this document, it is protected by (b)(5) deliberative process privilege because the facts in the document were selectively chosen as part of the decisionmaking process. The factual information is, therefore, an integral part of the deliberations undertaken by Commerce in determining how to structure the ESA assessment of candidate acroporid populations. This is a draft, a predecisional deliberative document the release of which would discourage open, frank discussions on how NOAA should go about developing and implementing a program to inventory, assess, and monitor U.S. coral reef ecosystems. The document is withheld under (b)(5) deliberative process privilege. This document does not represent a final agency decision on the matter contained therein.

4. **December 15, 2003** – eighteen page attachment (withheld in full), a draft document entitled "Atlantic Acropora Status Review," written by a NOAA employee, attached to an e-mail from Stephania Bolden to Andy Bruckner, cc: to Jennifer Jacukiewicz, all of whom were NOAA employees.

The document consists of preliminary recommendations by NOAA employees for NOAA decisionmakers, which were part of Commerce's deliberations concerning decisions on ESA listings. To the extent that factual information is included within this document, it is protected by (b)(5) deliberative process privilege because the facts in the document were selectively chosen as part of the decisionmaking process. The factual

information is, therefore, an integral part of the deliberations undertaken by Commerce in determining how to structure the ESA assessment of candidate acroporid populations. This is a draft, a predecisional deliberative document the release of which would discourage open, frank discussions on how NOAA should go about developing and implementing a program to inventory, assess, and monitor U.S. coral reef ecosystems. The document is withheld under (b)(5) deliberative process privilege. This document does not represent a final agency decision on the matter contained therein.

5. **Undated** – thirty-six page attachment (withheld in full), a draft untitled document, described as a "status review skeleton," attached to a February 11, 2004 e-mail from Stephania Bolden to Jennifer Jacukiewicz, Andy Bruckner, Margaret W. Miller, Dana Williams, Ron Hill, Paul Sammarco, Caroline Rogers, Richard Curry, cc: to David Bernhart, all of whom were NOAA employees or consultants.

The document consists of preliminary recommendations by NOAA employees and consultants for NOAA decisionmakers, who were part of NOAA's deliberations concerning decisions on ESA listings. The consultants were providing opinions and recommendations to NOAA and had no personal stake in the outcome of the decisionmaking process or the final decision. To the extent that factual information is included within this document, it is protected by (b)(5) deliberative process privilege because the facts in the document were selectively chosen as part of the decisionmaking process. The factual information is, therefore, an integral part of the deliberations undertaken by Commerce in determining how to structure the ESA assessment of

candidate acroporid populations. This is a draft, a predecisional deliberative document the release of which would discourage open, frank discussions on how NOAA should go about developing and implementing a program to inventory, assess, and monitor U.S. coral reef ecosystems. The document is withheld under (b)(5) deliberative process privilege. This document does not represent a final agency decision on the matter contained therein.

**B. Documents withheld in part pursuant to the October 1, 2004 request for records pertaining to Caribbean *Acroporids* written by, received by, or within the files of NMFS National Resource Specialist Jennifer Ann Moore (Responsive documents contain Ms. Moore's maiden name, Jennifer Jacukiewicz). This request is designated as NOAA FOIA request #2004–00593.**

6. **Undated** – portions of a one page attachment (withheld in part), entitled "Atlantic *Acropora* Biological Review Team Update Sheet," attached to a September 26, 2003 e-mail from Jennifer Jacukiewicz to Stephania Bolden, Jennifer Jacukiewicz, Paul Sammarco, Caroline Rogers, Margaret W. Miller, Andy Bruckner, and Ron Hill, all of whom were NOAA employees or consultants.

The withheld portions consist of preliminary recommendations by NOAA employees and consultants for NOAA decisionmakers, who were part of NOAA's deliberations concerning decisions on how to structure the Atlantic *Acropora* status review and what should be included in the process. The consultants were providing opinions and recommendations to NOAA and had no personal stake in the outcome of the decisionmaking process or the final decision. The withheld portions are predecisional

and deliberative. Release would discourage open, frank discussions on how NOAA should go about developing and implementing a program to inventory, assess, and monitor U.S. coral reef ecosystems. The redacted portions are withheld under (b)(5) deliberative process privilege and do not represent a final agency decision on the matter contained therein.

7. **August 20, 2003** – portions of a two page e-mail (withheld in part) from David Bernhart to Stephania Bolden, cc: to Jennifer Jacukiewicz, all of whom were NOAA employees.

The withheld portions consist of preliminary recommendations by NOAA employees for NOAA decisionmakers, which were part of Commerce's deliberations concerning decisions on how to structure the Atlantic *Acropora* status review and what should be included in the process. The withheld portions are predecisional and deliberative. Release would discourage open, frank discussions on how NOAA should go about developing and implementing a program to inventory, assess, and monitor U.S. coral reef ecosystems. The redacted portions are withheld under (b)(5) deliberative process privilege and do not represent a final agency decision on the matter contained therein.

8. **October 6, 2003** – portions of a one page e-mail (withheld in part) from Jennifer Jacukiewicz to Georgia Cranmore, cc: to Stephania Bolden, all of whom were NOAA employees.

The withheld portions consist of preliminary recommendations by NOAA

employees for NOAA decisionmakers, which were part of Commerce's deliberations concerning decisions on how to structure the Atlantic *Acropora* status review and what should be included in the process. The withheld portions are predecisional and deliberative. Release would discourage open, frank discussions on how NOAA should go about developing and implementing a program to inventory, assess, and monitor U.S. coral reef ecosystems. The redacted portions are withheld under (b)(5) deliberative process privilege and do not represent a final agency decision on the matter contained therein.

9. **November 7, 2003** – portions of a one page e-mail (withheld in part) from Stephania Bolden to Jennifer Jacukiewicz, both of whom were NOAA employees.

The withheld portions consist of preliminary recommendations by NOAA employees for NOAA decisionmakers, which were part of Commerce's deliberations concerning decisions on how to structure the Atlantic *Acropora* status review and what should be included in the process. The withheld portions are predecisional and deliberative. Release would discourage open, frank discussions on how NOAA should go about developing and implementing a program to inventory, assess, and monitor U.S. coral reef ecosystems. The redacted portions are withheld under (b)(5) deliberative process privilege and do not represent a final agency decision on the matter contained therein.

10. **December 1, 2003** – portions of one of a four page e-mail (withheld in part) from

Stephania Bolden to Jennifer Jacukiewicz, both of whom were NOAA employees.

The withheld portions consist of preliminary recommendations by NOAA employees for NOAA decisionmakers, which were part of Commerce's deliberations concerning decisions on how to structure the Atlantic *Acropora* status review and what should be included in the process. The withheld portions are predecisional and deliberative. Release would discourage open, frank discussions on how NOAA should go about developing and implementing a program to inventory, assess, and monitor U.S. coral reef ecosystems. The redacted portions are withheld under (b)(5) deliberative process privilege and do not represent a final agency decision on the matter contained therein.

11. **December 1, 2003** – portions of one page e-mail (withheld in part) from Margaret W. Miller to Stephania Bolden, Andy Bruckner, cc: to Jennifer Jacukiewicz, all of whom were NOAA employees.

The withheld portions consist of preliminary recommendations by NOAA employees for NOAA decisionmakers, which were part of Commerce's deliberations concerning decisions on how to structure the Atlantic *Acropora* status review and what should be included in the process. The withheld portions are predecisional and deliberative. Release would discourage open, frank discussions on how NOAA should go about developing and implementing a program to inventory, assess, and monitor U.S. coral reef ecosystems. The redacted portions are withheld under (b)(5) deliberative process privilege and do not represent a final agency decision on the matter contained

therein.

12. **December 10, 2003** – portions of one page e-mail (withheld in part) from Iliaca Balms to Stephania Bolden, cc: to Jennifer Jacukiewicz, all of whom were NOAA employees or consultants.

The withheld portions consist of preliminary recommendations by NOAA employees and consultants for NOAA decisionmakers, which were part of Commerce's deliberations concerning decisions on how to structure the Atlantic *Acropora* status review and what should be included in the process. The consultants were providing opinions and recommendations to NOAA and had no personal stake in the outcome of the decisionmaking process or the final decision. The withheld portions are predecisional and deliberative. Release would discourage open, frank discussions on how NOAA should go about developing and implementing a program to inventory, assess, and monitor U.S. coral reef ecosystems. The redacted portions are withheld under (b)(5) deliberative process privilege and do not represent a final agency decision on the matter contained therein.

13. **December 11, 2003** – portions of one page e-mail (withheld in part) from Stephania Bolden to J. Porter, cc: to Jennifer Jacukiewicz, all of whom were NOAA employees or consultants.

The withheld portions consist of preliminary recommendations by NOAA employees and consultants for NOAA decisionmakers, who were part of NOAA's

deliberations concerning decisions on how to structure the Atlantic *Acropora* status review and what should be included in the process. The consultants were providing opinions and recommendations to NOAA and had no personal stake in the outcome of the decisionmaking process or the final decision. The withheld portions are predecisional and deliberative. Release would discourage open, frank discussions on how NOAA should go about developing and implementing a program to inventory, assess, and monitor U.S. coral reef ecosystems. The redacted portions are withheld under (b)(5) deliberative process privilege and do not represent a final agency decision on the matter contained therein.

14. **December 11, 2003** – portions of two page e-mail (withheld in part) from Stephania Bolden to Jennifer Jacukiewicz, both of whom were NOAA employees or consultants.

The withheld portions consist of preliminary recommendations by NOAA employees and consultants for NOAA decisionmakers, who were part of NOAA's deliberations concerning decisions on how to structure the Atlantic *Acropora* status review and what should be included in the process. The consultants were providing opinions and recommendations to NOAA and had no personal stake in the outcome of the decisionmaking process or the final decision. The withheld portions are predecisional and deliberative. Release would discourage open, frank discussions on how NOAA should go about developing and implementing a program to inventory, assess, and monitor U.S. coral reef ecosystems. The redacted portions are withheld under (b)(5) deliberative process privilege and do not represent a final agency decision on the matter contained therein.

15. **January 9, 2004** – portions of one page e-mail (withheld in part) from Jennifer Lee to Stephania Bolden, cc: to David Bernhart, Jennifer Jacukiewicz, both of whom were NOAA employees.

The withheld portions consist of preliminary recommendations by NOAA employees for NOAA decisionmakers, which were part of Commerce's deliberations concerning decisions on how to structure the Atlantic *Acropora* status review and what should be included in the process. The withheld portions are predecisional and deliberative. Release would discourage open, frank discussions on how NOAA should go about developing and implementing a program to inventory, assess, and monitor U.S. coral reef ecosystems. The redacted portions are withheld under (b)(5) deliberative process privilege and do not represent a final agency decision on the matter contained therein.

**C. Documents withheld in part pursuant to the October 1, 2004 request for records received by NMFS pertaining to selecting members for a Biological Review Team for the Center for Biological Diversity's petition to list Elkhorn, Staghorn, and Fused-Staghorn coral as endangered species. This request is designated as NOAA FOIA request #2004–00594.**

16. **June 24, 2004** – two pages (withheld in part). E-mail from Stephania Bolden to Margaret Miller, both of whom were NOAA employees.

The withheld portions consist of preliminary recommendations by NOAA employees for NOAA decisionmakers, which were part of Commerce's deliberations concerning decisions on how to select and establish a Biological Review Team (BRT) to recommend potential listing

under the Endangered Species Act as part of Commerce's status review. The withheld portions are predecisional and deliberative. Release would discourage open, frank discussions on how NOAA should go about developing and implementing a BRT to formulate recommendations for a Commerce status review on species of coral. The redacted portions are withheld under (b)(5) deliberative process privilege and do not represent a final agency decision on the matter contained therein.

17. **August 7, 2003** – portions of two page e-mail (withheld in part) from Stephania Bolden to Marta Nammack, cc: to David Bernhart and Jennifer Jacukiewicz, all of whom were NOAA employees.

The withheld portions consist of preliminary recommendations by NOAA employees for NOAA decisionmakers, which were part of Commerce's deliberations concerning decisions on how to select and establish a Biological Review Team (BRT) to recommend potential listing under the Endangered Species Act as part of Commerce's status review. The withheld portions are predecisional and deliberative. Release would discourage open, frank discussions on how NOAA should go about developing and implementing a BRT to formulate recommendations for a Commerce status review on species of coral. The redacted portions are withheld under (b)(5) deliberative process privilege and do not represent a final agency decision on the matter contained therein.

18. **August 27, 2003** – portions of one page e-mail (withheld in part) from Stephania Bolden

to Jennifer Jacukiewicz, both of whom were NOAA employees.

Two paragraphs of the withheld portions consist of nonresponsive information. The nonresponsive information regards candidate listing of species not a subject of the FOIA request. The other withheld portions consist of preliminary recommendations by NOAA employees for NOAA decisionmakers, which were part of Commerce's deliberations concerning decisions on how to select and establish a Biological Review Team (BRT) to recommend potential listing under the Endangered Species Act as part of Commerce's status review. The withheld portions are predecisional and deliberative. Release would discourage open, frank discussions on how NOAA should go about developing and implementing a BRT to formulate recommendations for a Commerce status review on species of fish. The redacted portions are withheld under (b)(5) deliberative process privilege and do not represent a final agency decision on the matter contained therein.

19. **March 15, 2004** – portions of one page e-mail (withheld in part) from Stephania Bolden to Margaret Miller, Andy Bruckner, Ron Hill, Paul Sammarco, Richard Curry, Caroline Rogers, Jennifer Jacukiewicz, Dana Williams, cc: to David Bernhart, all of whom were NOAA employees, other Federal Government employees, and consultants.

The withheld portions consist of preliminary recommendations by NOAA employees and consultants for NOAA decisionmakers, who were part of NOAA's deliberations concerning decisions on how to select and establish a Biological Review Team (BRT) to recommend potential listing under the Endangered Species Act as part of Commerce's status review. The consultants were providing opinions and recommendations to NOAA and had no personal stake

in the outcome of the decisionmaking process or the final decision. The withheld portions are predecisional and deliberative. Release would discourage open, frank discussions on how NOAA should go about developing and implementing a BRT to formulate recommendations for a Commerce status review on species of coral. The redacted portions are withheld under (b)(5) deliberative process privilege and do not represent a final agency decision on the matter contained therein. The withheld five-page attachment entitled "draft talking points2.wpd" is nonresponsive.

20. **April 28, 2004** – portions of two page e-mail (withheld in part) from Stephania Bolden to Margaret Miller, Paul Sammarco, Ron Hill, Andy Bruckner, Caroline Rogers, Dana Williams, Jennifer Moore, Richard Curry, cc: to David Bernhart, all of whom were NOAA employees, other Federal Government employees, and consultants.

The withheld portions consist of preliminary recommendations by NOAA employees and consultants for NOAA decisionmakers, who were part of NOAA's deliberations concerning decisions on how to select and establish a Biological Review Team (BRT) to recommend potential listing under the Endangered Species Act as part of Commerce's status review. The consultants were providing opinions and recommendations to NOAA and had no personal stake in the outcome of the decisionmaking process or the final decision. The withheld portions are predecisional and deliberative. Release would discourage open, frank discussions on how NOAA should go about developing and implementing a BRT to formulate recommendations for a Commerce status review on species of coral. The redacted portions are withheld under (b)(5)

deliberative process privilege and do not represent a final agency decision on the matter contained therein.

21. **May 3, 2004** – portions of two page e-mail (withheld in part) from David Bernhart to Andy Bruckner and Jennifer Moore, all of whom were NOAA employees.

The withheld portions consist of preliminary recommendations by NOAA employees for NOAA decisionmakers, which were part of Commerce's deliberations concerning decisions on how to select and establish a Biological Review Team (BRT) to recommend potential listing under the Endangered Species Act as part of Commerce's status review. The withheld portions are predecisional and deliberative. Release would discourage open, frank discussions on how NOAA should go about developing and implementing a BRT to formulate recommendations for a Commerce status review on species of coral. The redacted portions are withheld under (b)(5) deliberative process privilege and do not represent a final agency decision on the matter contained therein.

22. **May 12, 2004** – portions of two page e-mail (withheld in part) from Andy Bruckner to Stephania Bolden, both of whom were NOAA employees.

The withheld portions consist of preliminary recommendations by NOAA employees for NOAA decisionmakers, which were part of Commerce's deliberations concerning decisions on how to select and establish a Biological Review Team (BRT) to recommend potential listing under the Endangered Species Act and contribute to Commerce's status review. The withheld

portions are predecisional and deliberative. Release would discourage open, frank discussions on how NOAA should go about developing and implementing a BRT to formulate recommendations for a Commerce status review on species of coral. The redacted portions are withheld under (b)(5) deliberative process privilege and do not represent a final agency decision on the matter contained therein.