# CENTER FOR BIOLOGICAL DIVERSITY

SAN FRANCISCO BAY AREA OFFICE

*Protecting endangered species and wild places through science, policy, education, and environmental law*

August 27, 2004

## SENT VIA ELECTRONIC MAIL

FOIA Coordinator
Headquarters
National Marine Fisheries Service
1315 East - West Highway, SSMC 3
Silver Spring, MD 20910
FOIA@noaa.gov

## REQUEST FOR MATERIALS UNDER THE FREEDOM OF INFORMATION ACT

The Center for Biological Diversity ("the Center"—formerly the Southwest Center for Biological Diversity) is a non-profit, public interest, conservation organization whose mission is to conserve imperiled native species and threatened habitats and to fulfill the continuing educational goals of its membership and the general public in the process. Consistent with this mission, and consistent with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, I respectfully request the following information on behalf of the Center:

- **A copy of all documents, inter- and intra-agency communications, and all other information received by the National Marine Fisheries Service in response to the public comment period/request for information on the Center's petition to list *Acropora palmata* (Elkhorn Coral), *A. cervicornis* (Staghorn Coral), and *A. prolifera* (Fused-Staghorn Coral) as endangered species under the Endangered Species Act. The public comment period was announced at 69 Fed. Reg. 34,995 (June 23, 2004) and ended on August 23, 2004.**

The Center submits this request to the Silver Spring Office with the understanding that the request will be forwarded to the relevant regions and other offices as necessary for a complete and full response to this request.

---

Tucson • Phoenix • Idyllwild • San Diego • San Francisco • Portland • Silver City • Denver

Brent Plater, Esq.
1095 Market Street, Suite 511 • San Francisco, CA 94103
PHONE: (415) 436-9682 x 301 • FAX: (415) 436-9683
bplater@biologicaldiversity.org • www.biologicaldiversity.org

## REQUEST FOR FEE WAIVER

The Center requests that the National Marine Fisheries Service ("NMFS") waive all fees associated with this request. As shown below, The Center meets the test for a fee waiver under FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), as implemented by the Department of Commerce's fee waiver regulations published at 15 CFR § 4.9(c).

FOIA carries a presumption of disclosure, and the fee waiver amendments of 1986 were designed specifically to allow non-profit, public interest groups such as The Center access to government documents without the payment of fees. As stated by one Senator: "[A]gencies should not be allowed to use fees as an offensive weapon against requesters seeking access to Government information...." 132 Cong. Rec. S. 14298 (statement of Sen. Leahy). In interpreting this amendment, the 9th Circuit has stated that the amended statute "is to be liberally construed in favor of waivers for noncommercial requesters." (citing Sen. Leahy). The amendment's main purpose was "to remove the roadblocks and technicalities which have been used by various Federal agencies to deny waivers or reductions of fees under the FOIA." (citing Sen. Leahy). McClellan Ecological Seepage Situation v. Carlucci, 835 F.2d 1282, 1284 (9th Cir. 1987).

Thus, both Congress and the courts are clear in their interpretation of FOIA: the main legislative purpose of the 1986 amendments is to facilitate access to agency records by "watchdog" organizations, such as environmental groups, that use FOIA to monitor and challenge government activities. As the District of Columbia Circuit Court has stated, the waiver provision was added to FOIA "in an attempt to prevent government agencies from using high fees to discourage certain types of requesters and requests," in clear reference to requests from journalists, scholars, and non-profit public interest groups. Better Gov't Ass'n v. Department of State, 780 F.2d 86, 93-94 (D.C. Cir. 1986), quoting Ettlinger v. FBI, 596 F. Supp. 867, 876 (D. Mass. 1984).

**I.   The subject of the request concerns "the operations and activities of the government."**

The subject matter of this request concerns NMFS's management of corals in compliance with the Endangered Species Act ("ESA"). NMFS's management of endangered species is obviously an identifiable activity of the government. The requested documents are clearly related to and highly informative about NMFS's management of this species and compliance with the provisions of federal law.

**II.   The disclosure is "likely to contribute" to an understanding of government operations or activities.**

In determining the informative value of the requested documents, NMFS must consider the content of the record, the identity of the requester, and the interrelationship between the two. The documents requested regarding these corals are certain to shed light on NMFS's management of this marine mammal and NMFS's and other federal agencies' compliance with applicable environmental laws. Such public oversight of

2

agency action is vital to our democratic system and clearly envisioned by the drafters of the FOIA. The Center intends to fulfill its well-established function of public oversight of agency action. The Center is not requesting these documents merely for their intrinsic informational value.

The Center is a non-profit organization that informs, educates, and counsels the public regarding environmental issues, policies, and laws. We have been substantially involved in the management activities of numerous government agencies for years, and have consistently displayed our ability to disseminate information granted to us through FOIA fee waivers.

U.S. Government agencies including the Air Force, Animal Damage Control, Army, Army Corps of Engineers, Bureau of Land Management, Bureau of Reclamation, Department of Agriculture, Department of Commerce, Department of Defense, Department of the Interior, Department of Justice, Department of Transportation, Federal Bureau of Investigation, Federal Aviation Administration, Fish and Wildlife Service, Forest Service, General Accounting Office, National Aeronautical and Space Administration, National Science Foundation, Office of Management and Budget, Rural Economic Community Development Agency, and the Smithsonian Institution, among others, consistently grant our request for the waiving of FOIA fees. Recent substantive FOIA responses consistently conforming with the spirit of the FOIA and consistently conforming with the FOIA fee waiver have been provided to our members from these Federal agencies on July 24, 1990, July 27, 1990, September 23, 1993, October 19, 1993, December 1, 1993, December 2, 1993, December 6, 1993, December 10, 1993, December 20, 1993, December 27, 1993, October 4, 1994, October 27, 1994, December 12, 1994, December 16, 1994, March 21, 1995, May 4, 1995, May 12, 1995, May 19, 1995, June 22, 1995, October 25, 1995, February 14, 1996, February 15, 1996, February 16, 1996, April 2, 1996, October 1, 1996, December 31, 1996, May 6, 1997, May 12, 1997, June 1, 1997, August 19, 1997, October 28, 1997, March 27, 1998, March 30, 1998, April 16, 1998, May 28, 1998, July 10, 1998, September 28, 1998, October 5, 1998, January 28, 1999, February 16, 1999, March 16, 1999, March 29, 1999, April 8, 1999, April 23, 1999, December 20, 2000, November 2, 2000, January 9, 2001, January 17, 2001, January 26, 2001, January 29, 2001, March 6, 2001, March 13, 2001, March 21, 2001, March 23, 2001, March 26, 2001, April 3, 2001, April 11, 2001, April 24, 2001, April 30, 2001, November 11, 2001 and January 15, 2002.

In consistently granting the Center's fee waivers, these and other agencies have recognized that (1) our requested information contributes significantly to the public understanding of the operations or activities of the government, (2) our requested information enhances the public's understanding to a greater degree than currently exists, (3) The Center possesses the expertise to explain the requested information to the public, (4) The Center possesses the ability to disseminate the requested information to the general public, and (5) that the news media recognizes that The Center is an established expert in the field of imperiled species and their threatened habitat.

### III. The contribution to public understanding from the release of these documents will be significant.

A contribution to public understanding will be significant if the information disclosed is new, clearly supports public oversight of Department operations, including the quality of Department activities and the effect of policy and regulations on public health and safety, or otherwise confirms or clarifies data on past or present operations of the Department. In determining whether the disclosure of requested information will contribute significantly to public understanding, another guiding test is whether the requester will disseminate the disclosed records to a *reasonably broad audience of persons interested in the subject*. Carney v U.S. Dept. of Justice, 19 F.3d 807 (2nd Cir. 1994)(emphasis added).

The requested documents are not currently in the public domain. Their release is not only "likely to contribute," but is in fact certain to contribute to better public understanding of NMFS's management of these corals, and NMFS's compliance with environmental and administrative legislation. The Center's track record of active participation in oversight of governmental agency activities and our consistent contribution to the public's understanding of agency activities as compared to the level of public understanding prior to disclosure are well established. Public oversight and enhanced understanding of NMFS' highly controversial management of our resources is absolutely necessary and an integral part of our democratic system.

The Center will use the information requested to review NMFS's management of these corals, as well as NMFS's compliance with federal environmental law. The information requested in this FOIA request will be used to contribute to one or more of the following: public interest litigation, court documents, support or defense of listing petitions, local and national newsletters, public presentations, and local and national news stories contributed to or written by the Center and its members. Concurrent with any litigation or other action, The Center will publicize the reasons for the litigation or other action and the underlying actions of NMFS and/or other agencies that have prompted the Center's action. This is certain to result in a significant increase in public understanding of government agency activity. The Center has enforced the provisions of the ESA, APA, and NEPA many times through information gained from FOIA requests like this one, including a case against NMFS for failure to consult with the U.S. Fish & Wildlife Service under the Endangered Species Act. The Center intends to use the documents requested in this request in a similar manner.

In addition to the above channels of dissemination, our informational publications supply information not only to our membership, but also to the memberships of most other conservation organizations, locally as well as nationally. Our informational publications continue to contribute information to public media outlets, as well. For example, information such as that presently requested is often disseminated through our e-mail Biodiversity alerts, which is sent to nearly 9,000 people approximately once a week, and our web page, which is accessed several thousand times each month.

4

Information concerning NMFS's management of species will be disseminated through all these means.

### IV.    Obtaining the information is of no commercial interest to The Center.

Access to government documents, disclosure forms, and similar materials through FOIA requests is essential to The Center's role of educating the general public. The Center, a non-profit organization, has no commercial interest and will realize no commercial benefit from the release of the requested information.

I hope that this letter has demonstrated to your satisfaction that the Center qualifies for a full fee waiver, and that you will immediately begin to search and copy the requested material. Should you decide not to waive fees, The Center plans to immediately appeal such a decision.

Should you elect to withhold any documents responsive to this request under Exemption 5 of FOIA, please explain:

1) In light of Dept. of the Interior et al. v. Klamath Water Users Protective Assn., 532 U.S. 1 (2001), why does this document constitute inter-agency or intra-agency communication?

2) Why is each document predecisional?

   A. To what decision are each of the documents leading?
   B. Has this decision been finalized?

3) Why is each document deliberative?

   A. To what extent does each make a recommendation on a legal or policy matter?

4) What policy recommendation qualifies this document for exemption?

I look forward to your reply within twenty working days as required by FOIA. 5 U.S.C. 552(a)(6)(A)(i). Please send all materials to the address above. Please call me at (510) 841-0812 if you have any further questions about this request.

Sincerely,

*Brent Plater*
Brent Plater
Attorney at Law



**UNITED STATES DEPARTMENT OF COMMERCE**
**National Oceanic and Atmospheric Administration**
NATIONAL MARINE FISHERIES SERVICE
1315 East-West Highway
Silver Spring, Maryland 20910

THE DIRECTOR

OCT 1 5 2004

Brent Plater, Esq.
Center for Biological Diversity
1095 Market Street, Suite 511
San Francisco, California 94103

RE:   FOIA Request 2004-00557

Dear Mr. Plater:

This is in final response to your August 27, 2004, Freedom of Information Act (FOIA) request, which was received in our office on September 1, 2004. You specifically requested the following information:

> A copy of all documents, inter-agency and intra-agency communications, and all other information received by NOAA Fisheries in response to the public comment period/request for information on CBD's petition to list *Acropora plamata* (Elkhorn Coral), *A. cervicornis* (Staghorn Coral), and *A. prolifera* (Fused-Staghorn Coral) as endangered species under the Endangered Species Act. The public comment period was announced at 69 FR 34995 (June 23, 2004) and ended on August 23, 2004.

Pursuant to 15 CFR 4.11, you have been granted a full-fee waiver. Therefore, you were not charged for the associated fees of processing a FOIA request.

This letter completes our response to your request. A search of our files located the enclosed 223 pages of records responsive to your request. However, three email records listed below contain privileged information and are exempt from disclosure pursuant to Exemption 6 of the FOIA, 5 U.S.C. 552(b)(6). Exemption 6 permits the government to withhold all information about individuals in "personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy."

The three redacted email records are:

| Date | Description |
|---|---|
| 06/29/04 | Public to *Acropora* |
| 08/23/04 | Precht to *Acropora* |
| 08/24/04 | Plater to *Acropora* re Comments on Federal ESA Listing of *A. palmata* |

THE ASSISTANT ADMINISTRATOR
FOR FISHERIES


Printed on Recycled Paper



The search also located one enclosed document issued by the U.S. Department of the Army Corps of Engineers (COE). Beverly J. Smith, FOIA Unit, consulted with Valarecia Towers, FOIA Officer, COE, who authorized us to release the document to you.

Under Title 15, Code of Federal Regulations, Section 4.10(a), you have the right to appeal this partial denial determination. Your appeal must be received within 30 calendar days from the date of the written denial. Address your appeal to the following office:

> U.S. Department of Commerce
> Office of the General Counsel
> Assistant General Counsel for Administration
> Room 5875
> 14th Street and Constitution Avenue, N. W.
> Washington, D.C. 20230

You may also send your appeal by email to FOIAAppeals@doc.gov or by facsimile (fax) to (202) 482-2552. The appeal (written or electronic) must include a copy of the original request, the response to your request and a statement of the reasons why the withheld records should be made available and why the denial of the records was in error. The submission (including e-mail and fax submissions) is not complete without the required attachments. The appeal letter, the envelope, the e-mail subject line, or the fax cover sheet should be clearly marked "Freedom of Information Appeal." Please refer to FOIA#2004-00557 in your correspondence.

If you have any further questions, please contact Barbara Niswander or Ms. Smith, FOIA Unit, (727) 570-5762.

Sincerely,

Rebecca heur

for William T. Hogarth, Ph.D.
Assistant Administrator
for Fisheries

Enclosures

cc:   (w/o enclosures)
      GCSE - Joy
      F/SER3 - Bernhart, Griffin
      F/MB2 - Woods
      F/MB - Bowman
      F/SER1 - Niswander, Smith



# CENTER FOR BIOLOGICAL DIVERSITY

SAN FRANCISCO BAY AREA OFFICE

*Protecting endangered species and wild places through science, policy, education, and environmental law*

November 15, 2004

**SENT VIA ELECTRONIC MAIL**

U.S. Department of Commerce
Office of the General Counsel
Assistant General Counsel of Administration
Room 5875
14th Street and Constitution Avenue, N.W.
Washington, DC 20230
FOIAAppeals@doc.gov

**FREEDOM OF INFORMATION ACT APPEAL; FOIA # 2004-00557**

Dear Freedom of Information Act Officer:

On behalf of the Center for Biological Diversity ("the Center"), and pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq. ("FOIA"), I am writing to appeal the National Marine Fisheries Service's ("NMFS") October 15, 2004 denial of the Center's FOIA request of August 27, 2004. The August 27, 2004 FOIA requested the following information:

- **A copy of all documents, inter- and intra-agency communications, and all other information received by the National Marine Fisheries Service in response to the public comment period/request for information on the Center's petition to list *Acropora palmata* (Elkhorn Coral), *A. cervicornis* (Staghorn Coral), and *A. prolifera* (Fused-Staghorn Coral) as endangered species under the Endangered Species Act. The public comment period was announced at 69 Fed. Reg. 34,995 (June 23, 2004) and ended on August 23, 2004.**

(Attached as Exhibit A). In response to the August 27, 2004 FOIA request, NMFS claimed that three of the fourteen documents responsive to this request contained "privileged information and are exempt from disclosure pursuant to Exemption 6 of the FOIA, 5 U.S.C. 552(b)(6)." NMFS October 15, 2004 Response, p.1 (Attached as Exhibit B). Specifically, NMFS redacted that contact information from three of the comments received during the public comment period. In perhaps the most absurd of the three redactions, NMFS redacted the contact information from an electronic message that was submitted to NMFS by the Center's staff attorney, Mr. Brent Plater.

---

Tucson • Phoenix • Idyllwild • San Diego • San Francisco • Portland • Silver City • Denver

Brent Plater, Esq.
1095 Market Street, Suite 511 • San Francisco, CA 94103
PHONE: (415) 436-9682 x 301 • FAX: (415) 436-9683
bplater@biologicaldiversity.org • www.biologicaldiversity.org

NMFS' withholding of the phone numbers and addresses submitted to NMFS during the public comment period is unlawful, and the Center is appealing the redaction pursuant to its administrative remedies under FOIA.

### EXEMPTION 6 DOES NOT PROVIDE AUTHORITY TO WITHHOLD THE CONTACT INFORMATION OF INDIVIDUALS WHO SUBMITTED PUBLIC COMMENTS

NMFS redacted the contact information from three documents responsive to the Center's request, insinuating that FOIA Exemption 6 provides NMFS with authority to withhold this information in order to prevent a "clearly unwarranted invasion of personal privacy." October 15, 2004 Response, p.1. None of the three commenters requested that their contact information remain confidential. Indeed, one document that was redacted had been provided to NMFS by the Center, and therefore the Center already has the information that NMFS claims must be withheld to protect a "clearly unwarranted invasion of personal privacy." This rationale is absurd, and oversteps the grounds of Exemption 6.

When a person chooses to enter his or her name, address, and phone number into the public record of an administrative proceeding, the author clearly has agreed to make this name public. Exemption 6 does not cover such information, which only pertains to person<u>nel</u>, medical or similar information—not perso<u>nal</u> information—in an agency's files concerning its own employees or contractors. Case law supports this view.

As a preliminary manner, public comments are not "personnel files [or] medical files [or] similar files" and therefore do not fall within the ambit of Exemption 6. The Supreme Court has suggested that Exemption 6 applies only to "Government records" that contain private information. U.S. Dep't of State v. Washington Post Co., 456 U.S. 595, 602 (1982). Comments submitted voluntarily to the government are not similar to personnel or medical government records, even when the comments contain personal information. Therefore Exemption 6 is not applicable here.

But even if Exemption 6 were applicable, NMFS cannot maintain that the release of contact information voluntarily submitted by the public into a public record will cause an unwarranted invasion of privacy. The ultimate inquiry in a case involving Exemption 6 is a balancing test between the public interest and privacy interests. United States Dep't of State v. Ray, 502 U.S. 164, 173, (1991). Unless the invasion of privacy is "clearly unwarranted, the public interest in disclosure must prevail." Id.

In Washington Post Co. v. United States Dep't of Agric., 943 F. Supp. 31 (DC Cir. 1996) the court determined that personal contact information must be disclosed under FOIA after conducting a balancing test and is controlling here. As the court noted,

> [n]one of the information at issue in this case is stigmatizing, embarrassing or dangerous; it does not expose these cotton farmers to creditors; and it reveals nothing about the success or failure of the farm or the wealth or poverty of the recipient. By contrast, Judge Penn withheld the names of individuals who had defaulted on their student loans because of the highly sensitive nature of that very piece of information, namely, the fact that the person defaulted.

2

Id. at 35. Even more on point, in <u>Alliance for the Wild Rockies v. Dep't of Interior</u>, 53 F. Supp. 2d 32 (D. D.C. 1999), the court found that the release of contact information of individuals who submitted public comments far outweighed any privacy interest that might theoretically exist in the contact information:

> [T]he Court finds that the public interest in full disclosure of the written comments clearly outweighs the commenters' privacy interests, if any, in nondisclosure of their names and addresses. . . . [I]t is remarkable that defendants object to disclosure of the names and addresses of the commenters. The notice of proposed rulemaking made no reference to any limitations on the public's ability to review the comments . . . . Had defendants intended otherwise, they could have taken efforts at the time the notice was published to assure commenters that their responses would be confidential or to offer them the opportunity to request anonymity.

Id. at 36-37.

Similarly here, this information is not stigmatizing or embarrassing, and was disclosed publicly by submitting written comments to the agency including their name, address, and even their phone number into the public record. These are public comments on a public agency action; the commenters' actions cannot be construed to maintain a privacy interest in this forum, and NMFS has never insinuated that any portion of the public comments received would remain confidential. Furthermore, there is great public interest in full disclosure, including the ability of the Center to contact other individuals who support its actions and to further understand the objections, if any, to its activities by direct communication with commenters who may disagree with the Center's positions.

I look forward to your reply within twenty working days as required by FOIA. 5 U.S.C. 552(a)(6)(A)(i). A proper response would be to release the redacted information to the Center as soon as possible. Please send all materials to the address on this letterhead. Please call me at (415) 436-9682 if you have any further questions about this request.

Sincerely,

*Brent Plater*

Brent Plater

3



**UNITED STATES DEPARTMENT OF COMMERCE**
Office of the General Counsel
Washington, D.C. 20230

NOV 26 2004

Brent Plater, Esq.
Center for Biological Diversity
1095 Market Street, Suite 511
San Francisco, CA 94103

Dear Mr. Plater:

This is to inform you that your Freedom of Information Act (FOIA) (5 U.S.C. § 552) appeal, for information withheld in records received by NOAA Fisheries in response to the public comment period/request for information on the Center for Biological Diversity's petition to list specific species as endangered under the Endangered Species Act, will not be considered because it is untimely.

By letter dated August 27, 2004, you filed a request for this information. By letter dated October 15, 2004, William T. Hogarth, Assistant Administrator for Fisheries, informed you that some information was being released to you and that other responsive information was exempt from disclosure pursuant to 5 U.S.C. § 552(b)(6). He also informed you of your right to file an administrative appeal to the Assistant General Counsel for Administration within 30 days of the date of his letter.

By e-mail dated November 15, 2004, received at 5:12 p.m. on November 15, 2004, you sent a letter of appeal. Pursuant to Department of Commerce regulations, an appeal must be received by the Office of the General Counsel during normal business hours within 30 calendar days of the date of the written denial. Normal business hours are 8:30 a.m. to 5:00 p.m., Eastern Time. 15 C.F.R. § 4.10(a). 49784 Fed. Reg. Vol. 69, No. 155 (August 12, 2004). Appeals received after 5:00 p.m. are deemed received on the next business day. Your appeal was not received within the 30 day limit. It was received 32 days after the date of the written denial.

Sincerely,

Barbara S. Fredericks
Assistant General Counsel
  for Administration