# CENTER FOR BIOLOGICAL DIVERSITY

SAN FRANCISCO BAY AREA OFFICE

*Protecting endangered species and wild places through science, policy, education, and environmental law*

October 1, 2004

**SENT VIA ELECTRONIC MAIL**

FOIA Coordinator
Headquarters
National Marine Fisheries Service
1315 East - West Highway, SSMC 3
Silver Spring, MD 20910
FOIA@noaa.gov

## REQUEST FOR MATERIALS UNDER THE FREEDOM OF INFORMATION ACT

The Center for Biological Diversity ("the Center"—formerly the Southwest Center for Biological Diversity) is a non-profit, public interest, conservation organization whose mission is to conserve imperiled native species and threatened habitats and to fulfill the continuing educational goals of its membership and the general public in the process. Consistent with this mission, and consistent with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, I respectfully request the following information on behalf of the Center:

- **A copy of all documents, inter- and intra-agency communications, notes, electronic mail, and/or any other document pertaining to Caribbean Acroporids written by, received by, or within the files of Jennifer Ann Moore, Natural Resource Specialist, NOAA Fisheries Protected Resources Division, Southeast Regional Office. Responsive information that post-dates March 1, 2004 are not included in this request.**

The Center submits this request to the Silver Spring Office with the understanding that the request will be forwarded to the relevant regions and other offices as necessary for a complete and full response to this request.

---

Tucson • Phoenix • Idyllwild • San Diego • San Francisco • Portland • Silver City • Denver

---

Brent Plater, Esq.
1095 Market Street, Suite 511 • San Francisco, CA 94103
PHONE: (415) 436-9682 x 301 • FAX: (415) 436-9683
bplater@biologicaldiversity.org • www.biologicaldiversity.org

## REQUEST FOR FEE WAIVER

The Center requests that the National Marine Fisheries Service ("NMFS") waive all fees associated with this request. As shown below, The Center meets the test for a fee waiver under FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), as implemented by the Department of Commerce's fee waiver regulations published at 15 CFR § 4.9(c).

FOIA carries a presumption of disclosure, and the fee waiver amendments of 1986 were designed specifically to allow non-profit, public interest groups such as The Center access to government documents without the payment of fees. As stated by one Senator: "[A]gencies should not be allowed to use fees as an offensive weapon against requesters seeking access to Government information...." 132 Cong. Rec. S. 14298 (statement of Sen. Leahy). In interpreting this amendment, the 9th Circuit has stated that the amended statute "is to be liberally construed in favor of waivers for noncommercial requesters." (citing Sen. Leahy). The amendment's main purpose was "to remove the roadblocks and technicalities which have been used by various Federal agencies to deny waivers or reductions of fees under the FOIA." (citing Sen. Leahy). McClellan Ecological Seepage Situation v. Carlucci, 835 F.2d 1282, 1284 (9th Cir. 1987).

Thus, both Congress and the courts are clear in their interpretation of FOIA: the main legislative purpose of the 1986 amendments is to facilitate access to agency records by "watchdog" organizations, such as environmental groups, that use FOIA to monitor and challenge government activities. As the District of Columbia Circuit Court has stated, the waiver provision was added to FOIA "in an attempt to prevent government agencies from using high fees to discourage certain types of requesters and requests," in clear reference to requests from journalists, scholars, and non-profit public interest groups. Better Gov't Ass'n v. Department of State, 780 F.2d 86, 93-94 (D.C. Cir. 1986), quoting Ettlinger v. FBI, 596 F. Supp. 867, 876 (D. Mass. 1984).

I. **The subject of the request concerns "the operations and activities of the government."**

The subject matter of this request concerns NMFS's management of corals in compliance with the Endangered Species Act ("ESA"). NMFS's management of endangered species is obviously an identifiable activity of the government. The requested documents are clearly related to and highly informative about NMFS's management of this species and compliance with the provisions of federal law.

II. **The disclosure is "likely to contribute" to an understanding of government operations or activities.**

In determining the informative value of the requested documents, NMFS must consider the content of the record, the identity of the requester, and the interrelationship

between the two. The documents requested regarding these corals are certain to shed light on NMFS's management of these species and NMFS's and other federal agencies' compliance with applicable environmental laws. Such public oversight of agency action is vital to our democratic system and clearly envisioned by the drafters of the FOIA. The Center intends to fulfill its well-established function of public oversight of agency action. The Center is not requesting these documents merely for their intrinsic informational value.

The Center is a non-profit organization that informs, educates, and counsels the public regarding environmental issues, policies, and laws. We have been substantially involved in the management activities of numerous government agencies for years, and have consistently displayed our ability to disseminate information granted to us through FOIA fee waivers.

U.S. Government agencies including the Air Force, Animal Damage Control, Army, Army Corps of Engineers, Bureau of Land Management, Bureau of Reclamation, Department of Agriculture, Department of Commerce, Department of Defense, Department of the Interior, Department of Justice, Department of Transportation, Federal Bureau of Investigation, Federal Aviation Administration, Fish and Wildlife Service, Forest Service, General Accounting Office, National Aeronautical and Space Administration, National Science Foundation, Office of Management and Budget, Rural Economic Community Development Agency, and the Smithsonian Institution, among others, consistently grant our request for the waiving of FOIA fees. Recent substantive FOIA responses consistently conforming with the spirit of the FOIA and consistently conforming with the FOIA fee waiver have been provided to our members from these Federal agencies on July 24, 1990, July 27, 1990, September 23, 1993, October 19, 1993, December 1, 1993, December 2, 1993, December 6, 1993, December 10, 1993, December 20, 1993, December 27, 1993, October 4, 1994, October 27, 1994, December 12, 1994, December 16, 1994, March 21, 1995, May 4, 1995, May 12, 1995, May 19, 1995, June 22, 1995, October 25, 1995, February 14, 1996, February 15, 1996, February 16, 1996, April 2, 1996, October 1, 1996, December 31, 1996, May 6, 1997, May 12, 1997, June 1, 1997, August 19, 1997, October 28, 1997, March 27, 1998, March 30, 1998, April 16, 1998, May 28, 1998, July 10, 1998, September 28, 1998, October 5, 1998, January 28, 1999, February 16, 1999, March 16, 1999, March 29, 1999, April 8, 1999, April 23, 1999, December 20, 2000, November 2, 2000, January 9, 2001, January 17, 2001, January 26, 2001, January 29, 2001, March 6, 2001, March 13, 2001, March 21, 2001, March 23, 2001, March 26, 2001, April 3, 2001, April 11, 2001, April 24, 2001, April 30, 2001, November 11, 2001 and January 15, 2002.

In consistently granting the Center's fee waivers, these and other agencies have recognized that (1) our requested information contributes significantly to the public understanding of the operations or activities of the government, (2) our requested information enhances the public's understanding to a greater degree than currently exists, (3) The Center possesses the expertise to explain the requested information to the public, (4) The Center possesses the ability to disseminate the requested information to the

general public, and (5) that the news media recognizes that The Center is an established expert in the field of imperiled species and their threatened habitat.

### III. The contribution to public understanding from the release of these documents will be significant.

A contribution to public understanding will be significant if the information disclosed is new, clearly supports public oversight of Department operations, including the quality of Department activities and the effect of policy and regulations on public health and safety, or otherwise confirms or clarifies data on past or present operations of the Department. In determining whether the disclosure of requested information will contribute significantly to public understanding, another guiding test is whether the requester will disseminate the disclosed records to a *reasonably broad audience of persons interested in the subject*. Carney v U.S. Dept. of Justice, 19 F.3d 807 (2nd Cir. 1994)(emphasis added).

The requested documents are not currently in the public domain. Their release is not only "likely to contribute," but is in fact certain to contribute to better public understanding of NMFS's management of these corals, and NMFS's compliance with environmental and administrative legislation. The Center's track record of active participation in oversight of governmental agency activities and our consistent contribution to the public's understanding of agency activities as compared to the level of public understanding prior to disclosure are well established. Public oversight and enhanced understanding of NMFS' highly controversial management of our resources is absolutely necessary and an integral part of our democratic system.

The Center will use the information requested to review NMFS's management of these corals, as well as NMFS's compliance with federal environmental law. The information requested in this FOIA request will be used to contribute to one or more of the following: public interest litigation, court documents, support or defense of listing petitions, local and national newsletters, public presentations, and local and national news stories contributed to or written by the Center and its members. Concurrent with any litigation or other action, The Center will publicize the reasons for the litigation or other action and the underlying actions of NMFS and/or other agencies that have prompted the Center's action. This is certain to result in a significant increase in public understanding of government agency activity. The Center has enforced the provisions of the ESA, APA, and NEPA many times through information gained from FOIA requests like this one, including a case against NMFS for failure to consult with the U.S. Fish & Wildlife Service under the Endangered Species Act. The Center intends to use the documents requested in this request in a similar manner.

In addition to the above channels of dissemination, our informational publications supply information not only to our membership, but also to the memberships of most other conservation organizations, locally as well as nationally. Our informational publications continue to contribute information to public media outlets, as well. For example, information such as that presently requested is often disseminated through our

4

e-mail Biodiversity alerts, which is sent to nearly 9,000 people approximately once a week, and our web page, which is accessed several thousand times each month. Information concerning NMFS's management of species will be disseminated through all these means.

### IV. Obtaining the information is of no commercial interest to The Center.

Access to government documents, disclosure forms, and similar materials through FOIA requests is essential to The Center's role of educating the general public. The Center, a non-profit organization, has no commercial interest and will realize no commercial benefit from the release of the requested information.

I hope that this letter has demonstrated to your satisfaction that the Center qualifies for a full fee waiver, and that you will immediately begin to search and copy the requested material. Should you decide not to waive fees, The Center plans to immediately appeal such a decision.

Should you elect to withhold any documents responsive to this request under Exemption 5 of FOIA, please explain:

1) In light of <u>Dept. of the Interior et al. v. Klamath Water Users Protective Assn.</u>, 532 U.S. 1 (2001), why does this document constitute inter-agency or intra-agency communication?

2) Why is each document predecisional?

    A. To what decision are each of the documents leading?
    B. Has this decision been finalized?

3) Why is each document deliberative?

    A. To what extent does each make a recommendation on a legal or policy matter?

4) What policy recommendation qualifies this document for exemption?

I look forward to your reply within twenty working days as required by FOIA. 5 U.S.C. 552(a)(6)(A)(i). Please send all materials to the address above. Please call me at (510) 841-0812 if you have any further questions about this request.

Sincerely,

*Brent Plater*

Brent Plater
Attorney at Law

UNITED STATES DEPARTMENT OF COMMERCE
**National Oceanic and Atmospheric Administration**
NATIONAL MARINE FISHERIES SERVICE
1315 East-West Highway
Silver Spring, Maryland 20910

THE DIRECTOR

JAN 19 2005

Brent Plater, Esq.
Center for Biological Diversity
1095 Market Street, Suite 511
San Francisco, California 94103

RE: FOIA #2004-00593

Dear Mr. Plater:

This letter completes our response to the above-captioned FOIA request, which was received in our office on September 30, 2004. You requested all documents, inter- and intra-agency communications, notes, electronic mail, and/or any other document pertaining to Caribbean *Acroporids* written by, received by, or within the files of Jennifer Ann Moore, except for responsive records that post-dates March 1, 2004, which are not included in this request.

We found 397 pages of records responsive to your request. Enclosed are an index and the releasable records in our possession. Furthermore, an index of publicly available publications is also enclosed. Pursuant to 15 CFR §4.11, you have been granted a full-fee waiver. Therefore, you were not charged for the associated fees of processing a FOIA request.

Also, the search located 15 records, or portions of records, that contain privileged information, which are exempt from disclosure pursuant to 5 U.S.C. 552(b)(5), which states: "This section does not apply to matters that are inter- or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."

The withheld records are:

| Date | Description |
| --- | --- |
| 05/25/2001 | Assessment of Endangered Species Act (FS) Candidate *Acroporid* Coral Populations in U.S. Waters. |
| 09/23/2003 | Email from Bolden to Scannell re Interpretation of Hybrid Policy. |
| 09/26/2003 | Attachment to email from Jacukiewicz to Bolden, et al. re *Acropora* Biological Review Team Update Sheet. |
| 11/12/2003 | Attachment to email from Bruckner to Jacukiewicz et al. re *Acropora* meeting update. |


Printed on Recycled Paper


THE ASSISTANT ADMINISTRATOR
FOR FISHERIES

12/08/2004   Email from Rogers to Jacukiewicz re Question about confidentiality.

12/15/2003   Attachment to email from Bolden to Bruckner, et al. re *Acropora* skeleton status review.

02/11/2004   Attachment to email from Bolden to Jacukiewicz et al. re 3rd *Acropora* BRT meeting and status review skeleton.

The redacted records are:

**Date**      **Description**

08/20/2003   Email from Bernhart to Bolden, et al. re Coral Needs.

10/06/2003   Email from Jacukiewicz to Cranmore re Little blurb needed on *Acropora*.

11/07/2003   Email from Bolden to Jacukiewicz re Terms of Reference.

12/01/2003   Email from Bolden to Jacukiewicz re Coral article.

12/01/2003   Email from Miller to Bolden et al. re 2nd BRT meeting.

12/10/2003   Email from Baums to Bolden et al. re *Acropora* presentation 17 December.

12/11/2003   Email from Bolden to Jacukiewicz re Am Nat *Acropora* paper.

12/11/2003   Email from Bolden to Jacukiewicz re *Acropora* presentation December 17.

01/09/2004   Email from Lee to Bolden et al. re Activities?

Under Title 15, Code of Federal Regulations, Section 4.10(a), you have the right to appeal this partial denial determination. The Assistant General Counsel for Administration must receive your appeal within **30 calendar days** of the date of the initial denial letter. Address your appeal to the following office:

**Assistant General Counsel for Administration (Office)**
**U.S. Department of Commerce**
**Room 5875**
**14th and Constitution Avenue, NW**
**Washington, D.C. 20230**

You may also send your appeal by E-mail to **FOIAAppeals@doc.gov** or by facsimile (fax) to **Area Code (202) 482-2552**. The appeal must include a copy of the original request, the response to the request, and a statement of the reasons why withheld records should be made available and

why denial of the records was in error. The submission (including e-mail and fax submissions) is not complete without the required attachments. The appeal, the envelope, the e-mail subject line, and the fax cover sheet should be clearly marked "Freedom of Information Act Appeal." The e-mail, fax machine and Office of the General Counsel are monitored only on working days during normal business hours (8:30 a.m. to 5:00 p.m., Eastern Time, Monday through Friday). FOIA appeals posted to the e-mail box, fax machine or Office of General Counsel after normal business hours will be deemed received on the next normal business day.

Sincerely,

*Rebecca Lent* for

William T. Hogarth, Ph.D.
Assistant Administrator
for Fisheries

Enclosures

# CENTER FOR BIOLOGICAL DIVERSITY

SAN FRANCISCO BAY AREA OFFICE

*Protecting endangered species and wild places through science, policy, education, and environmental law*

February 16, 2005

**SENT VIA ELECTRONIC MAIL**

U.S. Department of Commerce
Office of the General Counsel
Assistant General Counsel of Administration
Room 5875
14th Street and Constitution Avenue, N.W.
Washington, DC 20230
FOIAAppeals@doc.gov

**FREEDOM OF INFORMATION ACT APPEAL; FOIA # 2004-593**

Dear Freedom of Information Act Officer:

On behalf of the Center for Biological Diversity ("the Center"), and pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq. ("FOIA"), I am writing to appeal the National Marine Fisheries Service's ("NMFS") January 19, 2005 denial of the Center's FOIA request of October 1, 2004. The October 1, 2004 FOIA requested the following information:

- **A copy of all documents, inter- and intra-agency communications, notes, electronic mail, and/or any other document pertaining to Caribbean Acroporids written by, received by, or within the files of Jennifer Ann Moore, Natural Resource Specialist, NOAA Fisheries Protected Resources Division, Southeast Regional Office. Responsive information that post-dates March 1, 2004 are not included in this request.**

(Attached as Exhibit A). In response to the October 1, 2004 FOIA request, NMFS claimed that "15[1] records, or portions of records, that contain privileged information . . . are exempt from disclosure pursuant to 5 U.S.C. 552(b)(5)." NMFS January 19, 2005 Response, p.1 (Attached as Exhibit B).

NMFS' withholding of this information is improper, and this letter is a timely appeal of that decision. The documents requested are clearly releasable under FOIA, and may not validly be protected by Exemption 5.

---

[1] Although the letter states that only 15 items have been withheld, 16 items are actually listed as being withheld or redacted by the agency in the January 19, 2005 letter.

**Tucson • Phoenix • Idyllwild • San Diego • San Francisco • Portland • Silver City • Denver**

Brent Plater, Esq.
1095 Market Street, Suite 511 • San Francisco, CA 94103
PHONE: (415) 436-9682 x 301 • FAX: (415) 436-9683
bplater@biologicaldiversity.org • www.biologicaldiversity.org

The Supreme Court has clearly stated that FOIA seeks "to establish a general philosophy of full agency disclosures unless information is exempted under clearly delineated statutory language." *NLRB v. Sears, Roebuck, & Co.*, 421 U.S. 132, 136 (1975) (quoting S. Rep. No. 813, 89th Cong., 1st Ses., 3 (1965)). Moreover, "an agency seeking to withhold information under an exemption to FOIA has the burden of proving that the information falls under the claimed exemption." *G C Micro Corp. v. Defense Logistics Agency*, 33 F.3d 1109, 1113 (9th Cir. 1994). The agency must show "by specific and detailed proof that disclosure would defeat, rather than further, the purposes of FOIA." *Mead Data Central Inc. v. Dept. of the Air Force*, 566 F.2d 242, 258 (D.C. Cir. 1978). The denial letter fails those duties because it fails to sufficiently explain or provide sound reasons as to why the materials were withheld. As pointed out by the D.C. Circuit, providing a "document's issue date, its author and intended recipient, and the briefest of references to its subject matter will not do." *Senate of Puerto Rico, ex rel Judiciary Comm. v. U. S. Dep't of Justice*, 823 F.2d 574, 585 (D.C. Cir. 1987).

In regards to Exemption Five, three major categories exist, the "deliberative process" or "predecisional" privilege, the attorney-client privilege, and the attorney work product privilege. *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 862 (D.C. Cir. 1980). Since the denial letter does not describe under which of these categories the withheld material falls, we will address all three.

The goal of the predecisional privilege is to "prevent injury to the quality of agency decisions" by promoting full candor from agency personnel in the decision making process. *Sears*, 421 U.S. at 151. However, the agency must establish what deliberative process is involved and the role played by the documents in issue in the course of that process. *Coastal States*, 617 F.2d 868. Prior to March 1, 2004, the agency was not actively preparing a decision in regards to the Caribbean *Acroporids*. The agency did not begin a serious decision making process until the Center for Biological Diversity petitioned for listing of Caribbean *Acroporids* on March 1, 2004. Indeed, one of the species the Center petitioned for has never before been subject to ESA listing or candidacy status. Thus, prior to that date, the agency cannot claim there was a serious deliberative process occurring that would need to be protected by Exemption Five, and all documents requested should be released.

The attorney-client privilege protects communications between attorney and client in order to avoid disclosure of the client's confidences. There must be a genuine relationship between the attorney and client, there must be a reasonable expectation of privacy, the client must preserve the confidentiality of the communication, and the topic of the communication must be connected with obtaining legal counsel. Nothing about the withheld materials suggests they are part of any attorney-client privilege

The attorney work product privilege protects documents and memoranda prepared by an attorney in contemplation of litigation. None of the withheld materials appear to be the product of attorney work nor are we aware of any litigation for which the withheld materials may have been prepared. Therefore, it is unlikely that this privilege applies to

the withheld materials.

We request that all the withheld materials be released in compliance with our request. If that request is not met, we ask that all withheld materials be adequately described so we can better ascertain the agency's reasoning as to why the materials fall under Exemption Five. We await your prompt reply. Thank you.

Sincerely,

Brent Plater

3



**UNITED STATES DEPARTMENT OF COMMERCE**
Office of the General Counsel
Washington, D.C. 20230

FEB 2 5 2005

Brent Plater, Esq.
Center for Biological Diversity
1095 Market Street
Suite 511
San Francisco, CA 94103

Dear Mr. Plater:

This is to acknowledge receipt of your Freedom of Information Act (5 U.S.C. § 552) (FOIA) appeal. In accordance with the FOIA, a final determination will be issued by the Department.

If you have any questions concerning this matter, you may contact Gerald Gilliard at the above address or by phone at (202) 482-5696.

Sincerely,

Alicia S. Price
Paralegal-Specialist



**UNITED STATES DEPARTMENT OF COMMERCE**
Office of the General Counsel
Washington, D.C. 20230

JUL 0 8 2005

Mr. Brent Plater
Center for Biological Diversity
San Francisco Bay Area Office
1095 Market Street, Suite 511
San Francisco, CA 94103

Dear Mr. Plater:

This is in response to your Freedom of Information Act (FOIA) (5 U.S.C. § 552) appeal for information withheld pursuant to 5 U.S.C. § 552 § (b)(5) (FOIA exemption (b)(5)) by the National Oceanic and Atmospheric Administration (NOAA), in response to your October 1, 2004 FOIA request for documents related to Caribbean Acroporids written by, received by, or within the files of National Marine Fisheries Service (NMFS), National Resource Specialist Jennifer Ann Moore, and a fee waiver. Please be advised that Jennifer Ann Moore and Jennifer Jacukiewicz are the same person.

In response to your FOIA request, by letter dated January 19, 2005, Dr. William T. Hogarth, Assistant Administrator for Fisheries, NMFS, granted the fee waiver, released documents, and informed you that fifteen documents were being withheld in full or in part pursuant to FOIA exemption (b)(5). NMFS actually withheld sixteen documents in whole or in part, as set forth in the index NMFS provided to you. By letter both dated and received February 16, 2005, you appealed the partial denial of your request. Your appeal is granted in part.

In your appeal you assert that NMFS improperly withheld information because it is not protected by any privilege incorporated into FOIA Exemption (b)(5). You state that none of the three privileges - the deliberative process privilege, the attorney-client privilege, nor the attorney work product privilege - apply to the information at issue. You assert that the agency was not engaged in a decision-making process relative to Caribbean *Acropora* and, that the documents are not the product of an attorney-client relationship, pending litigation, or other attorney work.

At issue in your appeal are sixteen documents, seven withheld in their entirety and nine withheld in part, including eleven e-mails exchanged between NMFS researchers and collaborators, and five draft documents prepared by NMFS researchers in providing recommendations for a final agency determination regarding the designation of certain coral species as threatened or endangered. We have determined that one document withheld in its entirety, portions of a second document withheld in its entirety, and additional portions of one document withheld in part are releasable. Fifteen documents and portions of documents are exempt from disclosure pursuant to FOIA exemption(b)(5).

2

Four of the documents are draft working papers, one is an "update sheet" outline, and ten are e-mails. FOIA exemption (b)(5) protects from disclosure inter- or intra-agency documents which would not be available by law to a party in litigation with the agency. NLRB v. Sears, Roebuck & Co., 421 U.S. 132 (1974). Two privileges incorporated into (b)(5) are the attorney-client privilege and the deliberative process privilege. No documents are being withheld pursuant to the attorney work-product privilege.

One document, an e-mail request for legal advice from a NMFS researcher to a NOAA attorney, is withheld in its entirety under the attorney-client privilege. The attorney-client privilege protects communications between an attorney and a client. Mead Data Cent., Inc. v. United States Dep't of the Air Force, 566 F.2d 242 (D.C. Cir. 1977). We are informed by NMFS, that the communication was not disclosed to anyone not included in the attorney-client relationship. Despite your assertion that the attorney-client privilege does not apply, this document was properly withheld pursuant to the attorney-client privilege.

Fourteen documents are withheld in whole or in part pursuant to the deliberative process privilege. Four of the documents are draft working papers, withheld in their entirety. One "update sheet" outline and nine e-mail communications are withheld in part. The deliberative process privilege incorporated into FOIA Exemption (b)(5) exempts from disclosure predecisional documents that are part of a deliberative process. Vaughn v. Rosen, 523 F.2d 1136 (D.C. Cir. 1975). A predecisional document is one prepared in order to assist an agency decision-maker in deliberations. See, Federal Open Market Comm. v. Merrill, 443 U.S. 340 (1979). Predecisional documents include recommendations, drafts, proposals, and other material that reflect the personal opinions of the author rather than the policy of the agency. The predecisional character of a document, and its protection under Exemption (b)(5), is not altered when an agency makes a final decision, or decides not to make a decision, unless the record is expressly incorporated into some final agency action. Judicial Watch, Inc. v. Export-Import Bank, 108 F. Supp. 2d 19, 36 (D.D.C. 2000).

Although, in your appeal, you maintain that the agency "did not begin a serious decision making process until the Center for Biological Diversity petitioned for listing of Caribbean *Acroporids* on March 1, 2004," in fact, NMFS informs us that, at that time NMFS was actively engaged in predecisional deliberations regarding placement of staghorn coral, elkhorn coral, and other coral on the Endangered Species list. All of the withheld records were part of the decisionmaking process and all were created prior to that date; I note that there was an error in the response to your FOIA request, in which the agency incorrectly identified one e-mail as dated December 8, 2004 instead of December 8, 2003. All of the information withheld pursuant to the deliberative process privilege constitutes predecisional opinions and recommendations used in deliberations by agency decisionmakers.

3

To the extent that any of the withheld information is factual, it is protected by the (b)(5) deliberative process privilege because it is an integral part of the deliberations undertaken by the Government. Wolfe v. HHS, 839 F.2d 768 (D.C. Cir. 1988). All releasable information has been segregated out from the documents and provided to you.

This is the final decision of the Department of Commerce. You have the right to obtain judicial review of this partial denial as provided in 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Barbara S. Fredericks
Assistant General Counsel
for Administration

Enclosures