CENTER FOR BIOLOGICAL DIVERSITY

SAN FRANCISCO BAY AREA OFFICE

*Protecting endangered species and wild places through science, policy, education, and environmental law*

October 1, 2004

## SENT VIA ELECTRONIC MAIL

FOIA Coordinator
Headquarters
National Marine Fisheries Service
1315 East - West Highway, SSMC 3
Silver Spring, MD 20910
FOIA@noaa.gov

## REQUEST FOR MATERIALS UNDER
## THE FREEDOM OF INFORMATION ACT

The Center for Biological Diversity ("the Center"—formerly the Southwest Center for Biological Diversity) is a non-profit, public interest, conservation organization whose mission is to conserve imperiled native species and threatened habitats and to fulfill the continuing educational goals of its membership and the general public in the process. Consistent with this mission, and consistent with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, I respectfully request the following information on behalf of the Center:

- **A copy of all documents, inter- and intra-agency communications, and all other information received by the National Marine Fisheries Service in selecting members for a Biological Review Team for the Center's petition to list *Acropora palmata* (Elkhorn Coral), *A. cervicornis* (Staghorn Coral), and *A. prolifera* (Fused-Staghorn Coral) as endangered species under the Endangered Species Act.**

The Center submits this request to the Silver Spring Office with the understanding that the request will be forwarded to the relevant regions and other offices as necessary for a complete and full response to this request.

---

**Tucson • Phoenix • Idyllwild • San Diego • San Francisco • Portland • Silver City • Denver**

Brent Plater, Esq.
1095 Market Street, Suite 511 • San Francisco, CA 94103
PHONE: (415) 436-9682 x 301 • FAX: (415) 436-9683
bplater@biologicaldiversity.org • www.biologicaldiversity.org

## REQUEST FOR FEE WAIVER

The Center requests that the National Marine Fisheries Service ("NMFS") waive all fees associated with this request. As shown below, The Center meets the test for a fee waiver under FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), as implemented by the Department of Commerce's fee waiver regulations published at 15 CFR § 4.9(c).

FOIA carries a presumption of disclosure, and the fee waiver amendments of 1986 were designed specifically to allow non-profit, public interest groups such as The Center access to government documents without the payment of fees. As stated by one Senator: "[A]gencies should not be allowed to use fees as an offensive weapon against requesters seeking access to Government information...." 132 Cong. Rec. S. 14298 (statement of Sen. Leahy). In interpreting this amendment, the 9th Circuit has stated that the amended statute "is to be liberally construed in favor of waivers for noncommercial requesters." (citing Sen. Leahy). The amendment's main purpose was "to remove the roadblocks and technicalities which have been used by various Federal agencies to deny waivers or reductions of fees under the FOIA." (citing Sen. Leahy). McClellan Ecological Seepage Situation v. Carlucci, 835 F.2d 1282, 1284 (9th Cir. 1987).

Thus, both Congress and the courts are clear in their interpretation of FOIA: the main legislative purpose of the 1986 amendments is to facilitate access to agency records by "watchdog" organizations, such as environmental groups, that use FOIA to monitor and challenge government activities. As the District of Columbia Circuit Court has stated, the waiver provision was added to FOIA "in an attempt to prevent government agencies from using high fees to discourage certain types of requesters and requests," in clear reference to requests from journalists, scholars, and non-profit public interest groups. Better Gov't Ass'n v. Department of State, 780 F.2d 86, 93-94 (D.C. Cir. 1986), quoting Ettlinger v. FBI, 596 F. Supp. 867, 876 (D. Mass. 1984).

## I. The subject of the request concerns "the operations and activities of the government."

The subject matter of this request concerns NMFS's management of corals in compliance with the Endangered Species Act ("ESA"). NMFS's management of endangered species is obviously an identifiable activity of the government. The requested documents are clearly related to and highly informative about NMFS's management of this species and compliance with the provisions of federal law.

## II. The disclosure is "likely to contribute" to an understanding of government operations or activities.

In determining the informative value of the requested documents, NMFS must consider the content of the record, the identity of the requester, and the interrelationship between the two. The documents requested regarding these corals are certain to shed light on NMFS's management of these species and NMFS's and other federal agencies' compliance with applicable environmental laws. Such public oversight of agency action

2

is vital to our democratic system and clearly envisioned by the drafters of the FOIA. The Center intends to fulfill its well-established function of public oversight of agency action. The Center is not requesting these documents merely for their intrinsic informational value.

The Center is a non-profit organization that informs, educates, and counsels the public regarding environmental issues, policies, and laws. We have been substantially involved in the management activities of numerous government agencies for years, and have consistently displayed our ability to disseminate information granted to us through FOIA fee waivers.

U.S. Government agencies including the Air Force, Animal Damage Control, Army, Army Corps of Engineers, Bureau of Land Management, Bureau of Reclamation, Department of Agriculture, Department of Commerce, Department of Defense, Department of the Interior, Department of Justice, Department of Transportation, Federal Bureau of Investigation, Federal Aviation Administration, Fish and Wildlife Service, Forest Service, General Accounting Office, National Aeronautical and Space Administration, National Science Foundation, Office of Management and Budget, Rural Economic Community Development Agency, and the Smithsonian Institution, among others, consistently grant our request for the waiving of FOIA fees. Recent substantive FOIA responses consistently conforming with the spirit of the FOIA and consistently conforming with the FOIA fee waiver have been provided to our members from these Federal agencies on July 24, 1990, July 27, 1990, September 23, 1993, October 19, 1993, December 1, 1993, December 2, 1993, December 6, 1993, December 10, 1993, December 20, 1993, December 27, 1993, October 4, 1994, October 27, 1994, December 12, 1994, December 16, 1994, March 21, 1995, May 4, 1995, May 12, 1995, May 19, 1995, June 22, 1995, October 25, 1995, February 14, 1996, February 15, 1996, February 16, 1996, April 2, 1996, October 1, 1996, December 31, 1996, May 6, 1997, May 12, 1997, June 1, 1997, August 19, 1997, October 28, 1997, March 27, 1998, March 30, 1998, April 16, 1998, May 28, 1998, July 10, 1998, September 28, 1998, October 5, 1998, January 28, 1999, February 16, 1999, March 16, 1999, March 29, 1999, April 8, 1999, April 23, 1999, December 20, 2000, November 2, 2000, January 9, 2001, January 17, 2001, January 26, 2001, January 29, 2001, March 6, 2001, March 13, 2001, March 21, 2001, March 23, 2001, March 26, 2001, April 3, 2001, April 11, 2001, April 24, 2001, April 30, 2001, November 11, 2001 and January 15, 2002.

In consistently granting the Center's fee waivers, these and other agencies have recognized that (1) our requested information contributes significantly to the public understanding of the operations or activities of the government, (2) our requested information enhances the public's understanding to a greater degree than currently exists, (3) The Center possesses the expertise to explain the requested information to the public, (4) The Center possesses the ability to disseminate the requested information to the general public, and (5) that the news media recognizes that The Center is an established expert in the field of imperiled species and their threatened habitat.

**III.    The contribution to public understanding from the release of these documents will be significant.**

A contribution to public understanding will be significant if the information disclosed is new, clearly supports public oversight of Department operations, including the quality of Department activities and the effect of policy and regulations on public health and safety, or otherwise confirms or clarifies data on past or present operations of the Department.    In determining whether the disclosure of requested information will contribute significantly to public understanding, another guiding test is whether the requester will disseminate the disclosed records to a *reasonably broad audience of persons interested in the subject*. Carney v U.S. Dept. of Justice, 19 F.3d 807 (2nd Cir. 1994)(emphasis added).

The requested documents are not currently in the public domain. Their release is not only "likely to contribute," but is in fact certain to contribute to better public understanding of NMFS's management of these corals, and NMFS's compliance with environmental and administrative legislation.    The Center's track record of active participation in oversight of governmental agency activities and our consistent contribution to the public's understanding of agency activities as compared to the level of public understanding prior to disclosure are well established.    Public oversight and enhanced understanding of NMFS' highly controversial management of our resources is absolutely necessary and an integral part of our democratic system.

The Center will use the information requested to review NMFS's management of these corals, as well as NMFS's compliance with federal environmental law.    The information requested in this FOIA request will be used to contribute to one or more of the following: public interest litigation, court documents, support or defense of listing petitions, local and national newsletters, public presentations, and local and national news stories contributed to or written by the Center and its members.    Concurrent with any litigation or other action, The Center will publicize the reasons for the litigation or other action and the underlying actions of NMFS and/or other agencies that have prompted the Center's action.    This is certain to result in a significant increase in public understanding of government agency activity.    The Center has enforced the provisions of the ESA, APA, and NEPA many times through information gained from FOIA requests like this one, including a case against NMFS for failure to consult with the U.S. Fish & Wildlife Service under the Endangered Species Act.    The Center intends to use the documents requested in this request in a similar manner.

In addition to the above channels of dissemination, our informational publications supply information not only to our membership, but also to the memberships of most other conservation organizations, locally as well as nationally.    Our informational publications continue to contribute information to public media outlets, as well.    For example, information such as that presently requested is often disseminated through our e-mail Biodiversity alerts, which is sent to nearly 9,000 people approximately once a week, and our web page, which is accessed several thousand times each month.

4

Information concerning NMFS's management of species will be disseminated through all these means.

## IV.    Obtaining the information is of no commercial interest to The Center.

Access to government documents, disclosure forms, and similar materials through FOIA requests is essential to The Center's role of educating the general public. The Center, a non-profit organization, has no commercial interest and will realize no commercial benefit from the release of the requested information.

I hope that this letter has demonstrated to your satisfaction that the Center qualifies for a full fee waiver, and that you will immediately begin to search and copy the requested material.    Should you decide not to waive fees, The Center plans to immediately appeal such a decision.

Should you elect to withhold any documents responsive to this request under Exemption 5 of FOIA, please explain:

1) In light of Dept. of the Interior et al. v. Klamath Water Users Protective Assn., 532 U.S. 1 (2001), why does this document constitute inter-agency or intra-agency communication?

2) Why is each document predecisional?

    A. To what decision are each of the documents leading?
    B. Has this decision been finalized?

3) Why is each document deliberative?

    A. To what extent does each make a recommendation on a legal or policy matter?

4) What policy recommendation qualifies this document for exemption?

I look forward to your reply within twenty working days as required by FOIA. 5 U.S.C. 552(a)(6)(A)(i). Please send all materials to the address above. Please call me at (510) 841-0812 if you have any further questions about this request.

Sincerely,

Brent Plater
Attorney at Law

5



**UNITED STATES DEPARTMENT OF COMMERCE**
**National Oceanic and Atmospheric Administration**
NATIONAL MARINE FISHERIES SERVICE

Southeast Regional Office
9721 Executive Center Drive N.
St. Petersburg, Florida 33702
(727) 570-5762; FAX (727) 570-5583
http://sero.nmfs.noaa.gov

OCT 19 2004

F/SER1:BSN
SER04-179
FOIA 2004-00594

Brent Plater, Esq.
Center for Biological Diversity
1095 Market Street, Suite 511
San Francisco, CA 94103

RE: Freedom of Information Act (FOIA) Request 2004-00594 dated October 1, 2004

Dear Mr. Plater:

This is in response to your above-captioned FOIA request, which was received in our office on September 30, 2004. You specifically requested the following information:

A copy of all documents, inter- and intra-agency communications, and all other information received by the National Marine Fisheries Service in selecting members for a Biological Review Team for the Center's petition to list *Acropora palmata* (Elkhorn Coral), *A. cervicornis* (Staghorn Coral), and *A. prolifera* (Fused-Staghorn Coral) as endangered species under the Endangered Species Act.

This letter completes our response to your request. We found 16 pages of records responsive to your request. These documents are enclosed and are being released to you in their entirety. Pursuant to 15 CFR § 4.11, you have been granted a full-fee waiver. Therefore, you were not charged for the associated fees of processing a FOIA request.

If you have any further questions, please contact Barbara Niswander or Beverly J. Smith, FOIA Unit, at (727) 570-5762.

Sincerely,

Roy E. Crabtree, Ph.D.
Regional Administrator

Enclosures



C**ENTER**
FOR

B**IOLOGICAL**
D**IVERSITY**

S**AN** F**RANCISCO** B**AY** A**REA** O**FFICE**

*Protecting endangered species and wild places through science, policy, education, and environmental law*

November 16, 2004

### SENT VIA ELECTRONIC MAIL

U.S. Department of Commerce
Office of the General Counsel
Assistant General Counsel of Administration, Room 5875
14th Street and Constitution Avenue, N.W.
Washington, DC 20230
FOIAAppeals@doc.gov

### FREEDOM OF INFORMATION ACT APPEAL; FOIA # 2004-00594

Dear FOIA Appeal Officer:

On behalf of the Center for Biological Diversity ("the Center"), and pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq. ("FOIA"), I am writing to appeal the National Marine Fisheries Service's ("NMFS") October 19, 2004 FOIA response, (Exhibit B), to the Center's October 1, 2004 FOIA request (Exhibit A). In the October 1 letter, the Center requested

- **A copy of all documents, inter- and intra-agency communications, and all other information received by the National Marine Fisheries Service in selecting members for a Biological Review Team for the Center's petition to list *Acropora palmata* (Elkhorn Coral), *A. cervicornis* (Staghorn Coral), and *A. prolifera* (Fused-Staghorn Coral) as endangered species under the Endangered Species Act.**

In response, NMFS provided two items: six copies of a form letter sent to "tentative" members of a Biological Review Team, and a single e-mail indicating that NMFS was "revising" the Acropora Biological Review Team. NMFS listed no documents that were exempt from disclosure.

NMFS' paltry response to this FOIA request is untenable. NMFS has had a biological review team for the coral species at issue here for a number of years. The team included Andrew W. Bruckner, author of NOAA Technical Memorandum NMFS-OPR-24, which describes the status of these coral species and suggests the use of the Endangered Species Act a conservation strategy. Yet there are no documents provided explaining why Mr. Bruckner or any other member of NMFS' original biological review team were removed from the Acropora biological review team. These documents are

**Tucson • Phoenix • Idyllwild • San Diego • San Francisco • Portland • Silver City • Denver**

Brent Plater, Esq.
1095 Market Street, Suite 511 • San Francisco, CA 94103
PHONE: (415) 436-9682 x 301 • FAX: (415) 436-9683
bplater@biologicaldiversity.org • www.biologicaldiversity.org

within the scope of the Center's request and must be provided to the Center as soon as possible.

Furthermore, there is nothing in NMFS' response indicating that any of the individuals who were asked to participate in the new biological review team actually accepted the invitation. It seems unlikely at best that there are no documents explaining who accepted the invitation to become a biological review team member, who declined, and the rationale or basis for NMFS' offer, the acceptance, and/or the decline. Documents explaining these positions must exist, and yet none have been provided to the Center and no exemption was cited.

Finally, the single responsive e-mail provided by NMFS indicates that there is more information that has not yet been provided. In a message to Roy Crabtree dated July 20, 2004, Stephania Bolden explains that the old biological review team was being "revised" in order to "increase participation in both areas of exercise and jurisdiction." However, there is no documentation to explain what Ms. Bolden's statement means, and why individuals from NMFS' Office of Protected Resources, including Mr. Bruckner, have been excluded from the new review team when their agency clearly has jurisdiction over this petition. Documentation explaining the rationale for such an incongruent decision must exist, but it has not been provided to the Center, nor has it been withheld under any exemption to FOIA.

Thus, NMFS has failed to conduct an adequate search for the documents requested, see Steinberg v. United States DOJ, 306 U.S. App. D.C. 240, 23F.3d 548, 551 (D.C. Cir.1994); Schaldetsch v. HUD, No. 99-0175, slip op. at 10 (D.D.C. Apr. 4, 2000) (for electronic searching requirements) and/or has failed to provide documents responsive to the Center's request.

As you are aware, you have 20 business days to respond to this appeal. If I do not receive a response within this time, I will seek judicial review of your action or inaction. Should we have to go to federal court to resolve this dispute, the FOIA provides for the following: "the court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). See also Id. § 552 (a)(4)(F) (where court orders production of records improperly withheld and assesses against the United States reasonable attorney fees and costs, and issues written finding regarding arbitrary or capricious action by agency personnel, Special Counsel shall initiate proceeding to determine whether disciplinary action is warranted).

Please direct all responses and questions regarding this matter to me at the address provided. Thank you for your prompt attention to this matter.

Sincerely,

Brent Plater

2



**UNITED STATES DEPARTMENT OF COMMERCE**
**Office of the General Counsel**
Washington, D.C. 20230

December 7, 2004

Brent Plater, Esq.
Center for Biological Diversity
1095 Market Street, Suite 511
San Francisco, CA 94103

Dear Mr. Plater:

This is to acknowledge receipt of your Freedom of Information Act (FOIA)(5 U.S.C. § 552) appeal dated November 16, 2004, and received by this office on November 18, 2004. In accordance with the FOIA, a final determination will be issued by the Department.

If you have any additional questions about this matter, you may contact me at the above address or at (202) 482-2138.

Sincerely,

*Malcolm Orr*

Malcolm L. Orr



**UNITED STATES DEPARTMENT OF COMMERCE**
**National Oceanic and Atmospheric Administration**
NATIONAL MARINE FISHERIES SERVICE
1315 East-West Highway
Silver Spring, Maryland 20910

THE DIRECTOR

JAN 1 9 2005

Brent Plater, Esq.
Center for Biological Diversity
1095 Market Street, Suite 511
San Francisco, California 94103

RE: FOIA #2004-00594

Dear Mr. Plater:

This is a supplemental response to the above-captioned FOIA request, which was received in our office on September 30, 2004. Your request asked for a copy of all documents, inter- and intra-agency communications, and all other information received by the National Marine Fisheries Service in selecting members for a Biological Review Team for the Center's petition to list *Acropora palmata* (Elkhorn Coral), *A. cervicornis* (Staghorn Coral), and *A. prolifera* (Fused-Staghorn Coral) as endangered species under the Endangered Species Act.

On October 19, 2004, the Southeast Regional Office provided you with records responsive to your request. Subsequently, we located 23 additional pages of records responsive to your request. Enclosed are an index and the releasable records. Pursuant to 15 CFR § 4.11, you have been granted a full-fee waiver. Therefore, you were not charged for the associated fees of processing a FOIA request.

Also, the search located three records that contain privileged information. One document is being withheld in its entirety and the remaining two documents are partially redacted pursuant to 5 U.S.C. 552(b)(5), which states: "This section does not apply to matters that are inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."

The one withheld and two partially redacted documents are:

| Date | Description |
|------|-------------|
| June 24, 2004 | Email from Bolden to Miller |
| August 7, 2003 | Email from Bolden to Nammack, et al. re *Acropora* Review. |
| August 27, 2003 | Email from Bolden to Jacukiewicz re Andy |

The one withheld and two partially redacted documents have been forwarded to the Office of the Assistant General Counsel for Administration. That office will process the three records as part of your pending appeal.

THE ASSISTANT ADMINISTRATOR
FOR FISHERIES



Moreover, our office is continuing to search for responsive records to your request. Our office, or the Office of the Assistant General Counsel for Administration, will inform you of the results of our continued search.

If you have any further questions, please contact Beverly J. Smith, FOIA Unit, at (727) 570-5762, or Malcolm Orr, Attorney Advisor, Office of the Assistant General Counsel for Administration, at (202) 482-2138.

Sincerely,

William T. Hogarth, Ph.D.
Assistant Administrator
for Fisheries

Enclosures

# FAX TRANSMISSION

**OFFICE OF THE ASSISTANT GENERAL COUNSEL FOR ADMINISTRATION**
**U.S. DEPARTMENT OF COMMERCE**
14th St. & Constitution Ave., NW Suite 5713
Washington, DC 20230
Phone: 202-482-2138
Fax: 202-482-2552
E-mail: morr@doc.gov

| | | | |
|---|---|---|---|
| **To:** | Justin Augustine, Esq. | **Date:** | August 5, 2005 |
| **Fax #:** | (415) 436-9683 | **Pages:** 19 | (including this cover sheet) |
| **From:** | Malcolm Orr Attorney-Advisor | | |
| **Subject:** | Courtesy Copy of Department's July 29, 2005 response | | |

**COMMENTS:**

Dear Mr. Augustine,

Pursuant to Assistant U.S. Attorney John Truong's voice-mail, please find a courtesy copy of the Department's July 29, 2005 response to your November 16, 2004 FOIA appeal.

The Department's July 29, 2005 response was mailed to you no later than August 1, 2005. Please let me know if you do not receive the mailed response.

Confidentiality Note: This information transmitted in the facsimile is sent by an attorney or her agent, and is intended to be confidential and for the use of only the individual or entity named herein. If the recipient is a client, this message may also be for the purposes of rendering legal advice and is thereby privileged. If the reader of this message is not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify the sender by telephone and mail the original facsimile to the sender at the above address. Thank you.



**UNITED STATES DEPARTMENT OF COMMERCE**
**Office of the General Counsel**
Washington, D.C. 20230

`JUL 2 9 2005`

Mr. Brent Plater
Center for Biological Diversity
San Francisco Bay Area Office
1095 Market Street, Suite 511
San Francisco, CA 94103

Dear Mr. Plater:

This is in response to your Freedom of Information Act (FOIA) (5 U.S.C. § 552) appeal regarding the National Marine Fisheries Services' response to your October 1, 2004 FOIA request for and fee waiver and for:

> . . . a copy of all documents received by the National Marine Fisheries Services in selecting members for a Biological Review Team for the Center's petition to list *Acropora palmata* (Elkhorn Coral), *A. cervicornis* (Staghorn Coral), and *A. Prolifera* (Fused-Staghorn Coral) as endangered species under the Endangered Species Act.

In response to your FOIA request, by letter dated October 19, 2004, Roy E. Crabtree, Regional Administrator, Southeast Regional Office, National Marine Fisheries Services (NMFS), the National Oceanic and Atmospheric Administration (NOAA), granted the fee waiver and released 16 pages of documents in their entirety. By letter dated November 16, 2004, you appealed the response arguing that NMFS' search for documents was not adequate.

Subsequent to NMFS' October 19, 2004 response, NMFS located 62 additional possibly-responsive pages to your request. Of the 62 pages, NMFS determined that 24 pages were nonresponsive, that 26 pages were releasable in their entirety, and that 12 pages, consisting of seven documents, contained information protected pursuant to FOIA exemption (b)(5). 5 U.S.C. § 552 (b)(5).

By letter dated January 19, 2005, William T. Hogarth, Assistant Administrator for Fisheries, NMFS, forwarded 23 fully releasable pages to you in a supplemental response. Dr. Hogarth informed you that three documents, consisting of five pages, were being withheld in whole or in part under FOIA exemption (b)(5) and were being forwarded to this office to be processed along with your appeal. Upon reconsideration, NMFS determined that none of the three documents would be withheld in whole. Further, subsequent to NMFS' January 19, 2005 supplemental response, four additional documents consisting of seven pages, containing information protected under FOIA exemption (b)(5), and a three page fully-releasable document, were located and forwarded to this office to be processed along with your appeal. Your appeal is granted in part.

2

At issue in your appeal is the adequacy of the search. In determining if an agency's search is adequate, the issue is not whether any documents might conceivably exist but whether the Government's search for responsive documents was adequate. Oglesby v. United States Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990). In this respect, over a period of months after receiving the October 1, 2004 request, every time new information became available to NMFS as to which offices and employees might possess responsive records, NMFS used this information to search locations that could reasonably be expected to have responsive records. At each stage when new places to search were identified, NMFS searched and processed documents. Goland v. Central Intelligence Agency, 607 F.2d 339, 343, 344, 365, 366 (D.C. Cir. 1979)(CIA's location of hundreds of additional documents nearly three years after a FOIA request deemed an adequate search); Davy v. C.I.A., 357 F.Supp.2d 76, 80, 88, 89 (D.D.C. 2004)(Court deemed adequate search where CIA issued a second FOIA response to the requester three months after its initial response upon locating 70 responsive documents; and issued a third response to the requester 21 months after its initial response upon locating five additional documents by using a new search system). Ultimately, NMFS' FOIA officers determined that in response to your FOIA request, NMFS' search for responsive records is now thorough and complete and that all offices and files within those offices that were expected or known to contain responsive documents were searched. Therefore, NMFS' search meets FOIA standards for responsiveness and adequacy.

Seven documents located after NMFS' October 19, 2004 initial response are being withheld in part pursuant to FOIA exemption (b)(5). The withheld information is contained in e-mails between NOAA employees, and other Federal Government employees and consultants, concerning the makeup and workings of NMFS' Biological Review Team (BRT). The withheld information from all but one document provide opinions and recommendations for final agency determinations regarding the BRT. One document, an August 27, 2003 e-mail, includes two paragraphs of nonresponsive information. The nonresponsive information regards species of fish and coral that are not subject to your request.

FOIA exemption (b)(5) protects from disclosure inter- or intra-agency documents which would not be available by law to a party in litigation with the agency. NLRB v. Sears, Roebuck & Co., 421 U.S. 132 (1974). The deliberative process privilege incorporated into FOIA Exemption (b)(5) exempts from disclosure predecisional documents that are part of a deliberative process. Vaughn v. Rosen, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975). A predecisional document is one prepared in order to assist an agency decision-maker in deliberations. See Federal Open Market Comm. v. Merrill, 443 U.S. 340, 360 (1979). Predecisional documents include recommendations, drafts, proposals, and other material that reflect the personal opinions of the author rather than the policy of the agency. The predecisional character of a document, and its protection under Exemption (b)(5), is not altered when an agency makes a final decision, or decides not to make a decision, unless the record is expressly incorporated into some final agency action. Judicial Watch, Inc. v. Export-Import Bank, 108 F. Supp. 2d 19, 36 (D.D.C. 2000).

All of the withheld information pursuant to the deliberative process privilege constitutes predecisional opinions and recommendations used in deliberations by agency decision makers

3

concerning the makeup of the BRT. The withheld information meets all FOIA exemption (b)(5) requirements in that the information is predecisional, deliberative and communicated between NOAA employees and other Federal Government employees and consultants. More specifically, withheld portions of the e-mails consist of opinions and recommendations to assist in predecisional deliberations about the selection of members of the BRT to review whether species of coral should be listed as endangered species and do not reflect, explain, or establish final agency determinations concerning the BRT. One document, an August 27, 2003 e-mail, includes two paragraphs of nonresponsive information. The nonresponsive information regards species not subject to your request.

To the extent that any of the withheld information is factual, it is protected by the (b)(5) deliberative process privilege because it is an integral part of the deliberations undertaken by the Government. Wolfe v. HHS, 839 F.2d 768 (D.C. Cir. 1988). All releasable information has been segregated out from the documents and provided to you.

This is the final decision for the Department of Commerce. You have the right to obtain judicial review of this denial, as provided in 5 U.S.C. § 552 (a)(4)(B).

Sincerely,

Barbara S. Fredericks
Assistant General Counsel
for Administration

Enclosures