## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No: 05-cv-1045 (RMC)** |
| | ) | |
| **CARLOS GUTIERREZ,** | ) | **ECF** |
| **Secretary, Department of Commerce, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S COMBINED CROSS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

### I.     Introduction

Plaintiff's Opposition to Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment ("Opposition") has not shown that Defendant violated any Freedom of Information Act ("FOIA") law.  Specifically, Plaintiff fails to offer any explanation showing that its appeal of its August 27 FOIA request was timely.  Plaintiff also has not shown that Defendant improperly invoked Exemption (b)(5) to withhold deliberative and predecisional information. Moreover, Defendant's Vaughn Index and the accompany Beverly Smith Declaration were more than adequate in explaining the bases for invoking this exemption.  Finally, Plaintiff only makes conclusory arguments that Defendant was impermissibly late in responding to Plaintiff's multiple FOIA requests, without specifying any concrete injury.  Accordingly, the Court should deny Plaintiff's Cross Summary Judgment Motion and grant Defendant's Motion, and dismiss this case with prejudice.

1

II.    **Defendant's Statement of Material Facts.**

Plaintiff fails to respond to Defendant's Statement of Material Facts for Which There is Not Genuine Dispute ("Statement of Facts), in violation of Local Rules 7(h) and 56.1.  The D.C. Circuit has held that "if the party opposing the motion fails to comply with this local rule, then 'the district court is under no obligation to sift through the record' and should 'instead . . . deem as admitted the moving party's facts that are uncontroverted by the nonmoving party's [Rule 7(h) statement." SEC v. Banner Fund Int'l, 211 F.3d 602, 616 (D.C. Cir. 2000).  Accordingly, Defendant's Statement of Facts are deemed admitted.

III.    **Argument**

    A.    **The Court Lacks Subject Matter Jurisdiction Over Plaintiff's August 27, 2004 FOIA Request (Claim One).**

Defendant's FOIA regulation, 15 C.F.R. § 4.10, requires that all FOIA appeals be received within normal business hours from 9a.m. to 5p.m. Eastern Time.  This regulation also specifies that any appeal received after the normal business hours shall be deemed filed the next day.  15 C.F.R. § 4.10; see also Def. Mot. at 6-9.  Plaintiff does not dispute that the appeal of the August 27 FOIA request arrived at Defendant's office outside normal business hours, at 5:12p.m. Eastern Time.  See Section II supra (stating that Plaintiff  failed to respond to Defendant's Statement of Facts Nos. 4 and 5 and, therefore, they are deemed admitted).  Plaintiff, however, insists that its "5:12p.m." filing was timely.

First, Plaintiff argues that Defendant changed its tune from asserting that Plaintiff's appeal was two days late to claiming that Plaintiff's appeal was only one day late.  Pl. Opp. at

11.[1]  Plaintiff misconstrues Defendant's position.  Defendant has not changed its position on the untimeliness of Plaintiff's appeal at all.  See Pl. Exh. A, p. 11 (agency letter explaining the bases for determining that Plaintiff's appeal was two days late).  In a summary judgment context which requires interpreting all facts in the light most favorable to the non-movant, Defendant merely demonstrated that even if Plaintiff were correct in its assertions,[2] which it was not, Plaintiff's appeal was still untimely as it was filed at 5:12 pm Eastern Time, outside normal business hours of 9a.m. to 5p.m. Eastern Standard time. See 15 C.F.R. ¶ 4.10; see also Def. Mot. at 7-9 (explaining the application of 15 C.F.R. § 4.10 and Plaintiff's untimeliness).

Second, Plaintiff contends that its appeal was not late because Defendant's regulation, 15 C.F.R. § 4.10, only requires that the appeal be received within 30 days of the agency decision and by "5p.m. Eastern Time."  Pl. Opp. at 11.  Plaintiff then asserts that "the regulation states that the appeal must be received by **5p.m.** Eastern Time, not **5:00p.m.** Eastern Time."  Pl. Opp. at 11 (emphasis added).  From this, Plaintiff argues that since the regulation fails "to provide a specific minute [i.e., 5:00p.m.)]," therefore, Plaintiff's "5:12p.m." filing was timely. Id. at 11-12.  Without citing to any law or regulation, Plaintiff suggests that "[i]f one rounds down, as should be the case, 5:12 falls within [Defendant's] 5pm requirement."  Pl. Opp. 11 n. 2.  This argument

---

[1]  On October 15, 2004, Defendant responded to Plaintiff's August 27 FOIA request.  See Def. Mot. Gov. Exh. C.  In that response, citing to 15 C.F.R. § 4.10, Defendant informed Plaintiff that it must appeal the decision within 30 days of the October 15, 2004 letter. Id. at p. 2.  The thirtieth day fell on Sunday November 14, 2004.  Plaintiff ignored this deadline and filed its appeal on Monday November 15, 2004, at 5:12pm.  Pl. Exh. A, p. 8-10.  In response, in a November 26, 2004, the agency rejected Plaintiff's appeal because it was two days late.  See Pl. Exh. A, p. 11 (explaining the reasons for rejecting Plaintiff's appeal as untimely).

[2]  See Plaintiff's Statement of Facts No. 5 n. 1 (arguing that, calculating deadlines under the Federal Rules of Civil Procedure, Plaintiff's appeal was on time).

is nonsensical.

Adopting Plaintiff's "round[ing] down" argument would lead to illogical conclusions. For example, if this Court sets a hearing in this case for "5p.m. Eastern Time" – without providing for a specific minute (i.e., 5:00p.m.) – and Plaintiff's counsel shows up twelve minutes late, at "5:12 p.m."; under Plaintiff's logic, counsel is still on time. This is not a tenable argument. In any event, Plaintiff's "round down" argument is neither supported by law nor common sense. Plaintiff's "5:12pm" appeal is not timely, as it fell outside Defendant's normal business hours.[3] Accordingly, the Court should dismiss Plaintiff's claim with regard to the August 27, 2004 FOIA request for failure to exhaust its administrative remedies.[4]

### B.     Defendant's Vaughn Index is Adequate and Defendant Properly Invoked Exemption (b)(5) (Second and Third Claims).

Plaintiff's Opposition asserts that Defendant's *Vaughn* Index is too conclusory and fails

---

[3]     Plaintiff contends that there is nothing in the regulation that would require Defendant to reject Plaintiff's untimely appeal, especially because Defendant repeatedly failed to respond to Plaintiff's FOIA requests within the statutory time limit. Pl. Opp. at 12. Were Defendant to adopt such an arbitrary standard, Defendant's action would certainly violate the Administrative Procedure Act for acting arbitrarily and capriciously. See 5 U.S.C. §§ 701 *et seq*. The only way to ensure evenhanded application of the regulation, 15 C.F.R. § 4.10, is to not make any exception. "The notion that a filing deadline can be complied with by filing sometime after the deadline falls due is, to say the least, a surprising notion without limiting principle. If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it. Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced . . . a filing deadline cannot be complied with, substantially or otherwise, by filing late - -" U.S. v. Locke, 471 U.S. 84 (1985).

[4]     Plaintiff also argues that Defendant unlawfully applied Exemption 6 to withhold documents in whole or in part in response to Plaintiff's August 27 FOIA. Pl. Opp. at 12-14. This argument is irrelevant because Plaintiff failed to exhaust its administrative remedies for this FOIA request.

to describe in details the bases for withholding the documents in whole or in part.  Pl. Opp. at 14-17.  Plaintiff also asserts that Defendant improperly invoked Exemption (b)(5) to withhold certain information because the withheld information was not policy-oriented judgment that would fall within this exemption.  Pl. Opp. 18-19.  These two arguments lack merit and are addressed below.

(1)    Defendant's <em>Vaughn</em> Index Is Adequate.

Citing to <u>Senate of Puerto Rico ex rel. Judiciary Comm. v. Dep't of Justice</u>, 823 F.2d 574 (D.C. Cir. 1987), Plaintiff argues that Defendant's *Vaughn* Index is inadequate because the *Vaughn* Index only provides the "the date, author, intended recipient, and a brief reference" about the withheld documents.  Pl. Opp. at 16.  Plaintiff's reliance on <u>Puerto Rico</u> is misplaced as that case is readily distinguishable here.

In <u>Puerto Rico</u>, the Department of Justice submitted a *Vaughn* Index that only generally stated that each document consisted of "memorandums [sic] or letters which would not be available by law to a party other than the agency in litigation with the [sic] agency." <u>Puerto Rico</u>, 823 F.2d  at 584.  The D.C. Circuit rejected this cursory description as inadequate. <u>Id</u>.[5] Unlike the *Vaughn* Index in <u>Puerto Rico</u>, Defendant's *Vaughn* Index provides detailed descriptions of the documents withheld and the bases for the non-disclosures. <u>See generally</u> Smith Decl. (Def. Mot. Gov. Exh. A) and *Vaughn* Index (Gov. Exh. B).

---

[5]    As an illustration of the inadequacy of Defendant's Vaughn Index, Plaintiff quoted from the Index the out of context.  Pl. Opp. at 16.  In fact, the *Vaughn* Index is detailed and descriptive, it includes (1) the specific title of  each document being withheld; (2) the nature of each document ; (3) the author(s) and recipient(s) of  each document (4) the bases for Defendant's  assertion of Exemption (b)(5); and (5) a statement  explaining that the documents withheld pursuant to the deliberative process privilege do not represent any final agency decision.  <u>See</u> *Vaughn* Index Nos. 2-5.

5

"In justifying non-disclosure, the government must submit a *Vaughn* Index and affidavits for the court to conduct *de novo* review of the applicability of an exemption invoked." Reiter v. DEA, 1997 WL 470108, * 2 (D.D.C. Aug. 13, 1997). To be adequate, the *Vaughn* Index must (1) be one document; (2) adequately describe each withheld document; and (3) state the exemption claimed and an explanation of its applicability. See Dorsett v. Dep't of Treasury, 307 F. Supp.2d 28, 34 (D.D.C. 2004); see also Reiter, 1997 WL 470108, at * 2. Here, Defendant's *Vaughn* Index meets these three requirements.

Specifically, Defendant's *Vaughn* Index  (1) is contained in one document; see Def. Mot. Gov. Exh. B; (2) describes in each entry the nature of  all withheld information in the  document; the title or subject of  the document; specific individuals who sent and received the document and the status of each individual; what information was withheld ; and the context of the withheld information; and the agency decision under consideration.; see generally *Vaughn* Index (Def. Mot. Gov. Exh. B); and  (3) describes in each entry the FOIA exemption under which the withheld information is protected; and explains why the information was withheld.  Defendant's *Vaughn* Index  sufficiently describes the nature of the documents withheld and adequately explains why withheld information is exempt from disclosure. Id.

In addition, in support of the *Vaughn* Index,  Defendant also submitted a Declaration of Ms. Beverly Smith, which describes (1) the search for responsive documents; (2) the number of documents released in whole or in part; (3) and additional explanations of the bases for withholding certain information. See generally Smith Decl. (Def. Mot. Gov. Exh. A).  Under these facts,  Plaintiff's argument that Defendant's *Vaughn* Index is inadequate is unsupported. Accordingly, the Court should reject this argument and grant summary judgment in Defendant's

favor.[6]

          **(2)      Defendant Properly Invoked Exemption (b)(5)**.

       Citing to <u>Greenpeace v. Nat'l Marine Fisheries Serv.</u>, 198 F.R.D. 540 (D. Wash. 2000),

Plaintiff contends that Defendant improperly relied upon Exemption (b)(5) to withhold certain

documents in whole or in part.  Pl. Opp. 18-19.  More particularly, Plaintiff claims that

Exemption (b)(5) only covers policy-oriented documents.  <u>Id</u>.  Plaintiff then argues that the

listing process of the Endanger Species Act ("ESA") does not involve decision policy-making

and, therefore, Exemption (b)(5) does not apply.  <u>Id</u>.  Plaintiff's reliance on <u>Greenpeace</u> is

mistaken and Plaintiff's assertion misses the point.

       In <u>Greenpeace</u>, the National Marine Fisheries Services ("NMFS") withheld documents

prepared by its scientists and staff in connection with the development of Revised Final

Reasonable and Prudent Alternative (RFRPA) under the ESA.  198 F.R.D. at 542.  The court

held that the information concerned only factual critiques of the draft PFRPA itself and did not

concern law or policy.  <u>Id</u>. at 543.   The court then explained that it focused on the agency

process and determined that the process did not implicate policy-oriented judgment.  <u>Id</u>.  The

court then concluded that "[t]o the extent NMFS's determinations may have included some

policy-oriented judgment, NMFS has failed to carry out its burden of proof."  <u>Id</u>. at 545.

       Here, as a preliminary matter, Plaintiff conceded that other courts in the Ninth Circuit

---

      [6]     In a footnote, Plaintiff  asserts  that the *Vaughn* Index fails to adequately describe the e-mail that Defendant withheld pursuant to the attorney-client privilege incorporated into FOIA Exemption (b)(5).  Pl. Opp. at 15 n.6. To the contrary, the entry describes the author of the e-mail and the attorney who received the e-mail.  <u>See</u> Vaughn Index No. 1.  The entry also describes that it was an e-mail seeking legal advice and that the document has not been disclosed outside of the attorney-client relationship.  <u>Id</u>.  A more  detailed description would impermissibly reveal the precise nature and content of the legal advice.

declined to follow the holding in <u>Greenpeace</u>.  Pl. Opp. at 18 n. 8.  As such, this Court should

consider the rationale and holding in <u>Greenpeace</u> as an un-followed minority view, and should

rely upon it cautiously, if at all.   In any event, unlike the documents at issue in <u>Greenpeace</u>, the

withheld documents here concern an agency process that affected its policy.  Specifically, the

documents pertain to deliberations concerning decisions on ESA listings, decisions on how to

structure the Atlantic *Acropora* status review, what should be included in that process, and

decisions on how to select and establish a Biological Review Team (BRT) to recommend

potential listing under the ESA as part of the NMFS' status review.  Therefore, the withheld

information in these documents is protected under FOIA Exemption (b)(5) as it is both pre-

decisional and deliberative. <u>See</u> <u>Mapother v. Dep't of Justice</u>, 3 F.3d 1533, 1537 (D.C. Cir.

1993) (noting that the deliberative process privilege protects information that is both pre-

decisional and deliberative).  Accordingly, the Court should deny Plaintiff's cross summary

judgment and grant Defendant's Motion on this claim.

C.    **Defendant Appropriately Responded to Plaintiff's Three FOIA Requests
(Fourth and Fifth Claims).**

Plaintiff  claims that Defendant failed to respond to Plaintiff's three FOIA requests

within twenty days as required by FOIA.  Pl. Opp. at 19-20.  Plaintiff, however, fails to explain

how the purportedly unjustified delay has caused it any harm.

In any event, as discussed in Defendant's Motion, under FOIA, an agency can take more

than twenty days to respond to FOIA requests if the agency can show exceptional circumstances.

<u>See</u>  <u>Open Am. v. Watergate Special Prosecution Force</u>, 547 F.2d 605, 616 (D.C. Cir. 1976).[7]  In

---

[7]    In the Electronic Freedom of Information Act Amendments of 1996, however,
Congress made clear that "exceptional circumstances" do not include delays stemming "from a

8

this case, the Smith Declaration describes in detail the exceptional circumstances that prevented

Defendant from responding to Plaintiff's three FOIA requests within the statutory time.  <u>See</u>

Smith Decl. at ¶ 12 (Def. Mot. Gov. Exh. A).  Specifically, the Smith Declaration describes the

volume of FOIA requests that Defendant must process and how Defendant diligently processed

those requests.  <u>Id.</u>; <u>see also</u> Def. Mot. at 18-20.  Plaintiff itself filed multiple FOIA requests .  In

any event, despite the high volume of FOIA requests that Defendant must process, Defendant

responded to Plaintiff  as soon as documents responsive to the requests were located and

reviewed. Def. Mot. at 19.  Defendant did not ignore Plaintiff but kept Plaintiff informed of the

progress of the searches for responsive information.  <u>See</u> Smith Decl. at ¶ 12.  Ultimately,

Defendant released all of the documents and portions of documents to which Plaintiff was

entitled.  Accordingly, Plaintiff does not have any basis to complain that the delay caused  injury

to it.  The Court, therefore, should reject this claim and grant summary judgment in Defendant's

favor.

**IV.    Conclusion**

        For the foregoing reasons, the Court should deny Plaintiff's Cross Motion for Summary

Judgment and grant Defendant's Motion to Dismiss or, in the alternative, for Summary

Judgment.  The Court should also dismiss this case with prejudice.

---

predictable agency workload of requests ... unless the agency demonstrates reasonable progress
in reducing its backlog of pending requests."   5 U.S.C. § 522(a)(6)(C)(ii).  <u>Open America</u>
represents the law of the Circuit and has been applied to FOIA cases since the 1996
amendments."  <u>Emerson v. CIA</u>, 1999 U.S. Dist. LEXIS 19511, at *4 (D.D.C. Dec. 15, 1999).
<u>But see</u> <u>Donham v. Dep't of Energy</u>, 192 F.Supp.2d 877, 880 (S.D.Ill. 2002) (suggesting
indirectly that the 1996 amendments superseded the <u>Open America</u> standard).

Dated:  November 21, 2005.                    Respectfully Submitted,


              /s/
_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


              /s/
_____
R. CRAIG LAWRENCE, D.C. BAR #171538
Assistant United States Attorney


              /s/
_____
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

10